In the Matter of JOSHUA B., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; STEVEN H., Appellant. In the Matter of STEVEN H., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; STEVEN H., Appellant. In the Matter of SHANICE H., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; STEVEN H., Appellant. In the Matter of JAMES B., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; STEVEN H., Appellant. In the Matter of SCOTT H., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; STEVEN H., Appellant. In the Matter of MALIK H., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; STEVEN H., Appellant. [814 NYS2d 210]—

In six related child protective proceedings pursuant to Family Court Act article 10, the father appeals from (1) an order of the Family Court, Queens County (Salinitro, J.), dated April 21, 2004, which, after a hearing, adjudged him to be in willful violation of an order of protection of the same court dated November 18, 2003 and which directed that he be imprisoned for a period of 90 days, (2) an order of disposition of the same court dated August 25, 2004, which, upon so much of a fact-finding order of the same court dated April 28, 2004, made after a fact-finding hearing, as found that the father neglected the children James B., Scott H., and Malik H., placed those children in the custody of the Administration for Children's Services for a period of 12 months, and (3) an order of disposition of the same court, also dated August 25, 2004, which, upon so much of the fact-finding order as found that the father neglected the children Joshua B., Steven H., and Shanice H., released those children to the custody of the father and the mother, subject to supervision by the Administration for Children's Services and subject to the parents' compliance with certain stated terms and conditions, with an expiration date of May 9, 2005. The appeals from the orders of disposition bring up for review the fact-finding order.

Ordered that the appeal from so much of the order dated April 21, 2004, as committed the father to a period of incarceration of 90 days is dismissed as academic, without costs or disbursements, as the period of incarceration has expired; and it is further,

Ordered that the order dated April 21, 2004 is affirmed insofar as reviewed, without costs or disbursements; and it is further,

Ordered that the appeal from so much of the order of disposition as placed James B., Scott H., and Malik H. in the custody of the Administration for Children's Services for a period of 12 months is dismissed, without costs or disbursements, as the period of placement has expired (*see Matter of Kristina R.,* 21 AD3d 560, 562 [2005], *lv denied* 5 NY3d 717 [2005]); and it is further,

Ordered that the appeal from so much of the order of disposition as released Joshua B., Steven H., and Shanice H. to the custody of the father and the mother, subject to supervision of the Administration for Children's Services and subject to the parents' compliance with certain terms and conditions until May 9, 2005, is dismissed, without costs or disbursements, as that portion of the order expired by its own terms (*see Matter of Walter K.,* 15 AD3d 404 [2005]); and it is further,

Ordered that the orders of disposition are affirmed insofar as reviewed, without costs or disbursements.

Initially, we note that despite the fact that the father has already completed his sentence, the father's appeal from so much of the order dated April 21, 2004 as adjudged him to be in willful violation of an order of protection is not academic, in light of the enduring consequences which might flow from the adjudication that he violated the order of protection, which, inter alia, directed that he refrain from inflicting corporal punishment upon the children (*cf. Matter of Kravitz v Kravitz,* 18 AD3d 874 [2005]; *Matter of Wissink v Wissink,* 13 AD3d 461 [2004]; *Matter of Cutrone v Cutrone,* 225 AD2d 767 [1996]; *Matter of H. Children,* 156 AD2d 520 [1989]). However, we find no basis upon which to disturb the Family Court's determination that the father violated the order of protection by, among other acts, inflicting corporal punishment upon James B. The question of whether the father committed those acts was a factual issue for the Family Court to resolve, and the determination of the Family Court, as the trier of fact, regarding the credibility of the witnesses is entitled to great weight (*see Matter of Cutrone v Cutrone, supra*). The record supports the court's conclusion that the father inflicted corporal punishment upon James B.

Contrary to the father's contention, the petitioner met its burden of proving neglect by a preponderance of the evidence. Out-of-court statements made by a child may be corroborated by "[a]ny other evidence tending to support the reliability of the previous statements" (Family Ct Act § 1046 [a] [vi]; *see Matter of Nicole V.,* 71 NY2d 112 [1987]). A Family Court has

considerable discretion in deciding whether a child's out-of-court statement has been reliably corroborated and whether the record as a whole supports a finding of abuse or neglect (*see Matter of Nicole V., supra* at 119). The observation of bruises or injuries on a child can corroborate a child's out-of-court statements (*see Matter of Rico D.,* 19 AD3d 416 [2005]; Family Ct Act § 1046 [a] [ii]). Further, out-of-court statements of siblings may be used to cross-corroborate one another (*see Matter of Latisha W.,* 221 AD2d 645 [1995]). Thus, a child's out-of-court's statements regarding abuse can be corroborated by a sibling's out-of-court statements in which he or she describes similar incidents of abuse (*see Matter of Latisha W., supra*). Here, James B.'s out-of-court statements regarding the use of corporal punishment by the father were corroborated by, among others, the occupational therapist at James B.'s school, who testified that she observed bruises on James B.'s shins, and James B.'s siblings, whose out-of-court statements gave examples of similar incidents of abuse.

The father's remaining contentions are without merit. Krausman, J.P., Mastro, Fisher and Covello, JJ., concur.