■ In the Matter of IOUKE H. ADMINISTRATION FOR CHILDREN's SERVICES, Respondent; TERRENCE H. et al., Appellants. LARRY S. BACHNER, Nonparty Appellant. (Proceeding No. 1.) In the Matter of JACOQUA H. ADMINISTRATION FOR CHILDREN's SERVICES, Respondent; TERRENCE H. et al., Appellants. LARRY S. BACHNER, Nonparty Appellant. (Proceeding No. 2.) In the Matter of MAHAADAI H. ADMINISTRATION FOR CHILDREN's SERVICES, Respondent; TERRENCE H. et al., Appellants. LARRY S. BACHNER, Nonparty Appellant. (Proceeding No. 3.) In the Matter of NAIHAEM H. ADMINISTRATION FOR CHILDREN's SERVICES, Respondent;

TERRENCE H. et al., Appellants. (Proceeding No. 4.) In the Matter of MARHOSHEDA H. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; TERRENCE H. et al., Appellants. (Proceeding No. 5.) In the Matter of AHSUNAIYA H. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; TERRENCE H. et al., Appellants. (Proceeding No. 6.) [941 NYS2d 851]—

In six related child neglect proceedings pursuant to article 10 of the Family Court Act, (1) the attorney for the children Iouke H., Mahaadai H., and Jacoqua H., appeals, as limited by his brief, from so much of an order of disposition of the Family Court, Queens County (McGowan, J.), dated March 9, 2011, as, upon an order of fact-finding of the same court dated September 8, 2010, made after a fact-finding hearing, finding that the parents neglected the child Marhosheda H. and that the parents derivatively neglected the children Iouke H., Mahaadai H., and Jacoqua H., and after a dispositional hearing, placed those children in the custody of the petitioner, (2) the mother Rhonda H., separately appeals from the same order of disposition, which, after the fact-finding hearing, and upon the same order of fact-finding, finding, inter alia, that she neglected the child Marhosheda H., and derivatively neglected the children Iouke H., Mahaadai H., Jacoqua H., Naihaem H., and Ahsunaiya H., and after the dispositional hearing, among other things, placed the children in the care of the petitioner, and (3) the father Terrence H., separately appeals, as limited by his brief, from so much of the order of fact-finding as, after the fact-finding hearing, found that he neglected the child Marhosheda H., and derivatively neglected the children Iouke H., Mahaadai H., Jacoqua H., Naihaem H., and Ahsunaiya H., and from the same order of disposition.

Ordered that the father's appeal from the order of fact-finding is dismissed, without costs or disbursements, as the order of fact-finding was superseded by the order of disposition and is brought up for review on his appeal from the order of disposition; and it is further,

Ordered that the order of disposition is affirmed, without costs or disbursements.

Contrary to the appellants' contentions, the Family Court's finding that the father neglected the child Marhosheda H. by inflicting excessive corporal punishment upon her is supported by a preponderance of the evidence (see Family Ct Act § 1046 [b] [i]). A child's out-of-court statements may form the basis for a finding of neglect as long as they are sufficiently corroborated

by other evidence tending to support their reliability (*see* Family Ct Act § 1046 [a] [vi]; *Matter of Rico D.*, 19 AD3d 416 [2005]). The Family Court has considerable discretion in deciding whether the statements have been sufficiently corroborated (*see Matter of Joshua B.*, 28 AD3d 759, 760-761 [2006]). Here, Marhosheda's out-of-court statements that the father struck her in the face with a belt were sufficiently corroborated by the caseworker's observation of Marhosheda's facial injuries and the statements by the child's siblings to the caseworker that they saw the father hit Marhosheda in the face with a belt (*see Matter of Isaiah S.*, 63 AD3d 948, 949 [2009]; *Matter of Nicholas L.*, 50 AD3d 1141 [2008]).

The finding that the mother neglected Marhosheda H. was supported by a preponderance of the evidence showing that she knew or should have known that the child's father was inflicting excessive corporal punishment on Marhosheda, yet failed to take any steps to protect her (*see Matter of Rayshawn R.*, 309 AD2d 681, 682 [2003]; *Matter of Eddie E.*, 219 AD2d 719, 719-720 [1995]; *see also Matter of Michael M.*, 24 AD3d 199, 200 [2005]).

The findings of derivative neglect as to the parents' remaining children, Iouke H., Jacoqua H., Mahaadai H., Naihem H., and Ahsunaiya H., are supported by a preponderance of the evidence indicating the parents' lack of understanding of their parental responsibility (*see Matter of Derek J.*, 56 AD3d 558, 559 [2008]; *Matter of Alysha M.*, 24 AD3d 255 [2005]). Rivera, J.P., Dillon, Angiolillo and Leventhal, JJ., concur.