■ In the Matter of ARIQUE D. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ELIZABETH A., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of JOSEPH D. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ELIZABETH A., Appellant, et al., Respondent. (Proceeding No. 2.) In the Matter of ELIZAVETHA V. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ELIZABETH A., Appellant, et al., Respondent. (Proceeding No. 3.) In the Matter of JASON D. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ELIZABETH A., Appellant, et al., Respondent. (Proceeding No. 4.) In the Matter of BENJAMIN D. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ELIZABETH A., Appellant, et al., Respondent. (Proceeding No. 5.) In the Matter of AALYAH V. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ELIZABETH A., Appellant, et al., Respondent. (Proceeding No. 6.) [975 NYS2d 82]—

In six related neglect proceedings pursuant to Family Court Act article 10, the mother appeals, as limited by her brief, from so much of an order of fact-finding and disposition of the Family Court, Richmond County (Wolff, J.), dated June 4, 2012, as, after fact-finding and dispositional hearings, found that she neglected the children Arique D., Benjamin D., Joseph D., and Jason D., and derivatively neglected the children Elizavetha V. and Aalyah V., and placed the children in the custody of the Commissioner of Social Services of the City of New York until the next permanency hearing.

Ordered that the appeal from so much of the order of fact-finding and disposition as placed the children in the custody of the Commissioner of Social Services of the City of New York until the next permanency hearing, and so much of the order of fact-finding and disposition as relates to Arique D. and Benjamin D. are dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements.

The appeal from so much of the order of fact-finding and disposition as placed the children in the custody of the Commissioner of Social Services of the City of New York until the next permanency hearing must be dismissed as academic, as that portion of the order has already expired (*see Matter of Amiya S. [Twana J.F.]*, 100 AD3d 763, 764 [2012]; *Matter of Sylvia J.*, 23 AD3d 560, 561 [2005]; *Matter of Ciara M.*, 273 AD2d 312, 314 [2000]). Since the children Arique D. and Benjamin D. are now over 18 years of age, they are no longer subject to the order appealed from (*see Matter of Angelina L.C. [Michael C.—Patricia H.-C.]*, 110 AD3d 793 [2d Dept 2013]; *Matter of Hershko v Hershko*, 103 AD3d 635 [2013]; *Matter of Julian B. v Williams*, 97 AD3d 670, 671 [2012]). Accordingly, the appeal from so much of the order of fact-finding and disposition as related to them must be dismissed as academic as well.

Family Court Act § 1012 (f) (i) defines a "neglected child" as a child less than 18 years of age whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his or her parent or other person legally responsible for his or her care to exercise a minimum degree of care in, inter alia, "supplying the child with adequate food . . . though financially able to do so or offered financial or other reasonable means to do so" (Family Ct Act § 1012 [f] [i] [A]), or "in providing the child with proper

supervision or guardianship, by unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof, including the infliction of excessive corporal punishment . . . or by any other acts of a similarly serious nature requiring the aid of the court" (Family Ct Act § 1012 [f] [i] [B]).

In a child protective proceeding, "[u]nsworn out-of-court statements of the [subject child] may be received and, if properly corroborated, will support a finding of abuse or neglect" (*Matter of Nicole V.*, 71 NY2d 112, 117-118 [1987]; *see* Family Ct Act § 1046 [a] [vi]; *Matter of Anthony S. [Dawn N.]*, 98 AD3d 519, 520 [2012]).

Here, the out-of-court statements of siblings Jason and Joseph to the caseworker that they were struck on more than one occasion by the mother and/or the father were corroborated (*see* Family Ct Act § 1046 [a] [vi]), inter alia, by the caseworker's personal observation of an injury sustained by one of the children and by the confirmation given by the siblings Benjamin, Arique, and Elizavetha (*see Matter of Iouke H. [Terrence H.]*, 94 AD3d 889, 891 [2012]), as well as by their own cross-corroborating statements (*see Matter of Nicole V.*, 71 NY2d at 118; *Matter of Maria Daniella R. [Maria A.]*, 84 AD3d 1384, 1385 [2011]; *Matter of Joshua B.*, 28 AD3d 759, 761 [2006]). Further, the Family Court properly took judicial notice of the prior neglect adjudications against the mother and the father based on the use of excessive corporal punishment (*see* Family Ct Act § 1046 [a] [i]). Moreover, the Family Court's determination that the father lacked credibility when he testified that he never hit the children is entitled to deference (*see Matter of Isaiah S.*, 63 AD3d 948, 949 [2009]).

In addition to the finding of excessive corporal punishment, the record likewise supports the finding that Jason and Joseph were neglected as a result of the mother's failure to exercise a minimum degree of care in supplying them with adequate food (Family Ct Act § 1012 [f] [i] [A]), and in providing Jason with proper supervision or guardianship (Family Ct Act § 1012 [f] [i] [B]). The record also supports the finding that Elizavetha and Aalyah were derivatively neglected.

The mother's remaining contentions are without merit. Skelos, J.P., Dickerson, Hall and Miller, JJ., concur.