■ In the Matter of LAEQUISE P. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; BRIAN C., Appellant. [989 NYS2d 292]—

In a child neglect proceeding pursuant to Family Court Act article 10, the father appeals from an order of fact-finding and disposition of the Family Court, Suffolk County (Hoffmann, J.), dated March 18, 2013, which, after a fact-finding hearing, inter alia, found that he neglected the subject child.

Ordered that the order of fact-finding and disposition is reversed, on the facts, without costs or disbursements, the petition is denied, and the proceeding is dismissed.

On October 3, 2012, the Suffolk County Department of Social Services (hereinafter the petitioner) commenced a proceeding pursuant to Family Court Act § 1012 against the father, alleging that he had neglected the subject child, Laequise P., who was then eight years old, by inflicting excessive corporal punishment. The father allegedly spanked the child with an open hand as punishment for cursing while they were attending a party at a friend's home. Further, it was alleged that after the father and the child returned home from the party, the father repeatedly struck the child with a belt on the buttocks, legs, and arms. At the fact-finding hearing, the father testified that while he spanked the child at the party after hearing him curse at an adult, he did not strike the child with a belt when they returned home.

Pursuant to Family Court Act § 1046 (b) (i), the petitioner has the burden of proving neglect by a preponderance of the evidence (*see Matter of Jacob P. [Sasha R.]*, 107 AD3d 719, 720 [2013]). "Although parents have a right to use reasonable physical force against a child in order to maintain discipline or to promote the child's welfare, the use of excessive corporal punishment constitutes neglect" (*Matter of Matthew M. [Fatima M.]*, 109 AD3d 472, 473 [2013]). We find that the Family Court's finding of neglect was not supported by a preponderance of the credible evidence (*see* Family Ct Act § 1012 [f] [i] [B]). The father's open-handed spanking of the child as a form of discipline after he heard the child curse at an adult was a reasonable use of force and, under the circumstances presented here, did not constitute excessive corporal punishment (*see Matter of Chanika B.*, 60 AD3d 671, 672 [2009]). Regarding the allegation that the father struck the child with a belt after they returned home from the party, the evidence adduced at the fact-finding hearing was insufficient to prove that allegation by a preponderance of the evidence, and thus, was insufficient to support a finding of neglect on that basis (*see Matter of Anastasia L.-D. [Ronald D.]*, 113 AD3d 685 [2014]).

Accordingly, the petition must be denied and the proceeding dismissed. Dillon, J.P., Hall, Cohen and Hinds-Radix, JJ., concur.