■ In the Matter of Ishaq B., Appellant. Westchester County Department of Social Services, Respondent; Lea B. et al., Respondents. (Proceeding No. 1.) In the Matter of Khalia B., Appellant. Westchester County Department of Social Services, Respondent; Lea B. et al., Respondents. (Proceeding No. 2.) In the Matter of Deandre B., Appellant. Westchester County Department of Social Services, Respondent; Lea B. et al., Respondents. (Proceeding No. 3.) In the Matter of Tahjmere B., Appellant. Westchester County Department of Social Services, Respondent; Lea B. et al., Respondents. (Proceeding No. 4.) In the Matter of Khalid B., Appellant. Westchester County Department of Social Services, Respondent; Lea B. et al., Respondents. (Proceeding No. 5.) [994 NYS2d 405]—

In related child protective proceedings pursuant to Family Court Act article 10, the subject children, Ishaq B., Khalia B., Deandre B., Tahjmere B., and Khalid B., appeal from an order of the Family Court, Westchester County (Klein, J.), dated January 24, 2014, which, after a fact-finding hearing, in effect, denied the petitions and dismissed the proceedings.

Ordered that the order is reversed, on the law and the facts, without costs or disbursements, the petitions are reinstated, it is found that the respondents, Lea B. and Ishaq B., neglected the subject children, and the matter is remitted to the Family Court, Westchester County, for a dispositional hearing and dispositions thereafter.

Contrary to the Family Court's determination, the petitioner met its burden of establishing neglect with respect to the five subject children by a preponderance of the evidence (*see* Family Ct Act §§ 1012 [f]; 1046). The evidence adduced at the fact-finding hearing demonstrated that the parents regularly used marijuana. This evidence of the parents' repeated misuse of drugs without regular participation in a rehabilitative program

established a prima facie case of neglect pursuant to Family Court Act § 1046 (a) (iii) and, therefore, neither actual impairment of the children's physical, mental, or emotional condition, nor specific risk of impairment, needed to be established (*see Matter of Darrell W. [Tenika C.]*, 110 AD3d 1088, 1089 [2013]; *Matter of Audrey K. [Erik K.]*, 108 AD3d 717, 717 [2013]; *Matter of Maria Daniella R. [Maria A.]*, 84 AD3d 1384 [2011]; *Matter of Sadiq H. [Karl H.]*, 81 AD3d 647, 647 [2011]).

Further, the petitioner established by a preponderance of the evidence that the mother neglected the subject child Deandre by inflicting excessive corporal punishment on him. Deandre's out-of-court statements that the mother struck him in the face and hit him with a belt were sufficiently corroborated by the caseworker's observation of the child's injuries and the statements by the child's sibling to the caseworker that he saw the mother hit Deandre (*see Matter of Iouke H. [Terrence H.]*, 94 AD3d 889, 891 [2012]; *Matter of Isaiah S.*, 63 AD3d 948, 949 [2009]). A preponderance of the evidence also established that the father neglected Deandre in that the father knew or should have known that the mother was inflicting excessive corporal punishment on Deandre, yet failed to take any steps to protect the child (*see Matter of Iouke H. [Terrence H.]*, 94 AD3d at 891; *Matter of Alanna S. [Regina A.]*, 92 AD3d 787, 788 [2012]; *Matter of Aliciya R.*, 56 AD3d 784, 784 [2008]).

Moreover, in light of the parents' failure to exercise a minimum degree of care in providing Deandre with proper supervision or guardianship, the petitioner also proved by a preponderance of the evidence that the parents derivatively neglected the other subject children (*see Matter of Aliciya R.*, 56 AD3d at 785; *Matter of Derek J.*, 56 AD3d 558, 559 [2008]; *Matter of Alysha M.*, 24 AD3d 255, 255 [2005]).

Accordingly, we reverse the order, reinstate the petitions, make a finding that the parents neglected the subject children, and remit the matter to the Family Court, Westchester County, for a dispositional hearing and dispositions thereafter.

In light of our determination, we need not reach the parties' remaining contentions. Rivera, J.P., Dickerson, Roman and Duffy, JJ., concur.