■ In the Matter of REINA R. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ERICA R., Appellant. (Proceeding No. 1.) In the Matter of MALIKAH W.R. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ERICA R., Appellant. (Proceeding No. 2.) [995 NYS2d 233]—

Appeal from (1) an order of fact-finding of the Family Court, Queens County (Marybeth S. Richroath, J.), dated September 10, 2013, (2) an order of disposition of that court dated October 22, 2013, and (3) an order of protection of that court dated October 22, 2013. The order of fact-finding found that the mother neglected the child Reina R. The order of disposition placed the child Reina R. in the custody of her maternal grandmother. The order of protection directed the mother not to use any corporal punishment on the child Reina R.

Ordered that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as that order was superseded by the order of disposition, and is brought up for review on the appeal from the order of disposition; and it is further,

Ordered that the order of disposition is reversed, on the facts, without costs or disbursements, the order of fact-finding is vacated, the neglect petition in proceeding No. 1, pertaining to the child Reina R., is denied, and that proceeding is dismissed; and it is further,

Ordered that the order of protection is reversed, on the facts, without costs or disbursements.

The petitioner commenced related child protective proceedings against the mother pursuant to Family Court Act article 10, one of which was referable to her then 12-year-old daughter, Reina R. (hereinafter the subject child), by filing a petition alleging that the mother neglected the subject child by subjecting her to excessive corporal punishment and by failing to take her for medical care after she allegedly ingested cough syrup in an alleged suicide attempt.

After a fact-finding hearing, the Family Court, in an order of fact-finding dated September 10, 2013, found that the petitioner established by a preponderance of the evidence that the mother neglected the subject child by inflicting excessive corporal punishment on her and by providing inadequate guardianship. In a subsequent order of disposition dated October 22, 2013, the Family Court placed the subject child in the custody of her maternal grandmother. The Family Court also issued an order of protection, dated October 22, 2013, which prohibited the mother from inflicting any corporal punishment upon the subject child.

Pursuant to Family Court Act § 1046 (b) (i), the petitioner has the burden of establishing neglect by a preponderance of the evidence (*see Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004]; *Matter of Laequise P. [Brian C.]*, 119 AD3d 801, 802 [2014]). Although parents have a right to use reasonable physical force against a child to maintain discipline or promote the child's welfare, the use of excessive corporal punishment constitutes neglect (*see Matter of Laequise P. [Brian C.]*, 119 AD3d at 802; *Matter of Anastasia L.-D. [Ronald D.]*, 113 AD3d 685 [2014]; *Matter of Matthew M. [Fatima M.]*, 109 AD3d 472, 473 [2013]).

The Family Court's finding that the mother neglected the subject child by using excessive corporal punishment was not supported by a preponderance of the credible evidence (*see Matter of Laequise P. [Brian C.]*, 119 AD3d at 802; *Matter of Anastasia L.-D. [Ronald D.]*, 113 AD3d at 685). The Family Court relied heavily upon a report of an emergency medical technician, which stated that the subject child had bruises and swelling on the day after the mother allegedly used excessive corporal punishment upon her. However, the emergency medical

technician did not testify at the fact-finding hearing, and a caseworker who was present at the police station where the subject child was examined by the emergency medical technician testified otherwise, stating that she did not observe any bruises or swelling on the subject child.

The Family Court also relied heavily on the statements of the subject child's four-year-old brother, which, contrary to the Family Court's conclusion, were not sufficient to establish a pattern of excessive corporal punishment against the subject child. Nor was it established, by a preponderance of the evidence, that the subject child tried to commit suicide by swallowing cough medicine.

Since a preponderance of the evidence adduced at the fact-finding hearing did not support the Family Court's finding of neglect, we vacate the order of fact-finding, and the order of disposition and the order of protection, which were predicated upon the order of fact-finding, must be reversed.

In light of our determination, we need not reach the mother's remaining contention. Rivera, J.P., Skelos, Dickerson and Barros, JJ., concur.