■ In the Matter of Luis N.P. Administration for Children's Services, Respondent; Alquiber R., Sr., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of Alquiber L.R. Administration for Children's Services, Respondent; Alquiber R., Sr., Appellant, et al., Respondent. (Proceeding No. 2.) In the Matter of Joshua J.P. Administration for Children's Services, Respondent; Alquiber R., Sr., Appellant, et al., Respondent. (Proceeding No. 3.) [8 NYS3d 381]—

Appeals from (1) an order of fact-finding of the Family Court, Richmond County (Karen B. Wolff, J.), dated October 4, 2013, and (2) an order of disposition of that court dated March 18, 2014. The order of fact-finding, insofar as appealed from, after a hearing, found that Alquiber R., Sr., neglected the subject children Luis N.P. and Joshua J.P., and derivatively neglected the subject child Alquiber L.R. The order of disposition, among other things, placed the subject children in the custody of the Commissioner of Social Services of the City of New York.

Ordered that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as the order of fact-finding was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,

Ordered that the order of disposition is affirmed, without costs or disbursements.

"At a fact-finding hearing in a neglect proceeding pursuant to Family Court Act article 10, a petitioner has the burden of proving by a preponderance of the evidence that the subject child was neglected" (*Matter of Negus T. [Fayme B.]*, 123 AD3d 836, 836 [2014]; *see* Family Ct Act § 1046 [b] [i]; *Matter of Jacob P. [Sasha R.]*, 107 AD3d 719 [2013]). "Although parents have a right to use reasonable physical force against a child in order to maintain discipline or to promote the child's welfare, the use of excessive corporal punishment constitutes neglect" (*Matter of Cheryale B. [Michelle B.]*, 121 AD3d 976, 977 [2014]; *see Matter of Laequise P. [Brian C.]*, 119 AD3d 801, 802 [2014]; *Matter of Matthew M. [Fatima M.]*, 109 AD3d 472 [2013]).

In a child protective proceeding, unsworn out-of-court statements of the subject child may be received and, if properly corroborated, will support a finding of abuse or neglect (*see Matter of Nicole V.*, 71 NY2d 112, 117-118 [1987]; *Matter of Mateo S. [Robin Marie Y.]*, 118 AD3d 891, 892 [2014]). The Family Court has considerable discretion in deciding whether a child's out-of-court statement has been reliably corroborated and whether the record as a whole supports a finding of neglect (*see Matter of Nicole V.*, 71 NY2d at 119; *Matter of Iouke H. [Terrence H.]*, 94 AD3d 889, 890-891 [2012]; *Matter of Alexander M. [Benjamin M.]*, 88 AD3d 794, 795 [2011]; *Matter of Joshua B.*, 28 AD3d 759 [2006]). Moreover, where the Family Court is primarily confronted with issues of credibility, its factual findings must be accorded considerable deference on appeal (*see Matter of Cheryale B. [Michelle B.]*, 121 AD3d at 977; *Matter of Mateo S. [Robin Marie Y.]*, 118 AD3d at 893; *Matter of Jada K.E. [Richard D.E.]*, 96 AD3d 744 [2012]).

Here, a preponderance of the evidence supported the Family Court's finding that Alquiber R., Sr., neglected the children Luis N.P. and Joshua J.P. by inflicting excessive corporal punishment on them (*see Matter of Ishaq B. [Lea B.]*, 121 AD3d 889 [2014]; *Matter of Jenna U. [Derrick U.]*, 108 AD3d 725 [2013]; *Matter of Iouke H. [Terrence H.]*, 94 AD3d at 890-891). Contrary to Alquiber R., Sr.'s, contention, the out-of-court statements by the children Luis N.P. and Joshua J.P. were sufficiently corroborated by the testimony of a caseworker with the Administration for Children's Services and their cross-corroborating statements (*see Matter of Mateo S. [Robin Marie Y.]*, 118 AD3d at 893; *Matter of Nurridin B. [Louis J.]*, 116 AD3d 770, 771 [2014]; *Matter of Arique D. [Elizabeth A.]*, 111 AD3d 625, 627 [2013]; *Matter of Iouke H. [Terrence H.]*, 94 AD3d at 890-891; *Matter of Maria Daniella R. [Maria A.]*, 84 AD3d 1384, 1385 [2011]). Evidence that Joshua J.P. may have recanted some of his prior allegations does not mandate that the finding be set aside (*see Matter of Charlie S. [Rong S.]*, 82 AD3d 1248 [2011]; *Matter of Tristan R.*, 63 AD3d 1075, 1077 [2009]; *Matter of Shavar B.*, 7 AD3d 619 [2004]). Although Alquiber R., Sr., and the mother of the subject children disputed the allegations, the Family Court's determination that they lacked credibility is entitled to deference and is fully supported by the record (*see Matter of Sarah W. [Barbara G.F.]*, 122 AD3d 931 [2014]; *Matter of Cheryale B. [Michelle B.]*, 121 AD3d at 977).

Finally, the evidence which established that Alquiber R., Sr., engaged in a pattern of using excessive force to discipline the

subject children was sufficient to support the Family Court's determination that Alquiber L.R. was derivatively neglected (*see Matter of Matthew M. [Fatima M.]*, 109 AD3d 472 [2013]; *Matter of Jacob P. [Sasha R.]*, 107 AD3d 719 [2013]; *Matter of Amerriah S. [Kadiatou Y.]*, 100 AD3d 1006 [2012]). Hall, J.P., Sgroi, Miller and Hinds-Radix, JJ., concur.