■ In the Matter of HAYDEN C. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TAFARI C., Appellant. (Proceeding No. 1.) In the Matter of TAPHARYE C. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TAFARI C., Appellant. (Proceeding No. 2.) [13 NYS3d 564]—Appeal from an order of fact-finding and disposition of the Family Court, Suffolk County (Caren Loguercio, J.), dated August 5, 2014. The order, after fact-finding and dispositional hearings, found that the father neglected the child Tapharye C. and derivatively neglected the child Hayden C. and placed the subject children with the nonrespondent mother.

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

"At a fact-finding hearing in a neglect proceeding pursuant to Family Court Act article 10, a petitioner has the burden of

proving by a preponderance of the evidence that the subject child was neglected" (*Matter of Negus T. [Fayme B.]*, 123 AD3d 836, 836 [2014]; *see* Family Ct Act § 1046 [b] [i]; *Matter of Luis N.P. [Alquiber R.]*, 127 AD3d 1201 [2015]; *Matter of Jacob P. [Sasha R.]*, 107 AD3d 719 [2013]). "Although parents have a right to use reasonable physical force against a child in order to maintain discipline or to promote the child's welfare, the use of excessive corporal punishment constitutes neglect" (*Matter of Cheryale B. [Michelle B.]*, 121 AD3d 976, 977 [2014]; *see Matter of Laequise P. [Brian C.]*, 119 AD3d 801, 802 [2014]; *Matter of Matthew M. [Fatima M.]*, 109 AD3d 472 [2013]).

In a child protective proceeding, unsworn out-of-court statements of the subject child may be received and, if properly corroborated, will support a finding of abuse or neglect (*see Matter of Nicole V.*, 71 NY2d 112, 117-118 [1987]; *Matter of Mateo S. [Robin Marie Y.]*, 118 AD3d 891, 892 [2014]). The Family Court has considerable discretion in deciding whether a child's out-of-court statement has been reliably corroborated and whether the record as a whole supports a finding of neglect (*see Matter of Nicole V.*, 71 NY2d at 119; *Matter of Iouke H. [Terrence H.]*, 94 AD3d 889, 890-891 [2012]; *Matter of Alexander M. [Benjamin M.]*, 88 AD3d 794, 795 [2011]; *Matter of Joshua B.*, 28 AD3d 759 [2006]). Moreover, where the Family Court is primarily confronted with issues of credibility, its factual findings must be accorded considerable deference on appeal (*see Matter of Cheryale B. [Michelle B.]*, 121 AD3d at 977; *Matter of Mateo S. [Robin Marie Y.]*, 118 AD3d at 893; *Matter of Jada K.E. [Richard D.E.]*, 96 AD3d 744 [2012]).

Here, a preponderance of the evidence supported the Family Court's finding that the father neglected the child Tapharye C. by inflicting excessive corporal punishment on him (*see Matter of Luis N.P. [Alquiber R.]*, 127 AD3d at 1202; *Matter of Ishaq B. [Lea B.]*, 121 AD3d 889 [2014]; *Matter of Jenna U. [Derrick U.]*, 108 AD3d 725 [2013]; *Matter of Iouke H. [Terrence H.]*, 94 AD3d at 890-891). Contrary to the father's contention, out-of-court statements by the subject children were sufficiently corroborated by the testimony of a school nurse and the caseworkers employed by the Suffolk County Department of Social Services, who had also observed the evidence of physical injury sustained by Tapharye, as well as by the children's own cross-corroborating statements (*see Matter of Mateo S. [Robin Marie Y.]*, 118 AD3d at 893; *Matter of Nurridin B. [Louis J.]*, 116 AD3d 770, 771 [2014]; *Matter of Arique D. [Elizabeth A.]*, 111 AD3d 625, 627 [2013]; *Matter of Iouke H. [Terrence H.]*, 94 AD3d at 890-891; *Matter of Maria Daniella R. [Maria A.]*, 84 AD3d 1384, 1385 [2011]).

Furthermore, although the father disputed the allegations, the Family Court's determination that he lacked credibility is entitled to deference and is fully supported by the record (*see Matter of Sarah W. [Barbara G.F.]*, 122 AD3d 931 [2014]; *Matter of Cheryale B. [Michelle B.]*, 121 AD3d at 977).

Finally, the evidence which established that the father used excessive force to discipline the child Tapharye C., and had engaged in a pattern of inappropriate disciplinary efforts, was sufficient to support the Family Court's determination that he derivatively neglected Hayden C. (*see Matter of Matthew M. [Fatima M.]*, 109 AD3d 472 [2013]; *Matter of Jacob P. [Sasha R.]*, 107 AD3d 719 [2013]; *Matter of Amerriah S. [Kadiatou Y.]*, 100 AD3d 1006 [2012]). Skelos, J.P., Hall, Austin and Sgroi, JJ., concur.