Matter of Silveris P. (Meuris P.) (2021 NY Slip Op 05572)





Matter of Silveris P. (Meuris P.)


2021 NY Slip Op 05572


Decided on October 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SYLVIA O. HINDS-RADIX, J.P.
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI
JOSEPH A. ZAYAS, JJ.


2020-02472
 (Docket Nos. N-26840-18, N-26841-18)

[*1]In the Matter of Silveris P. (Anonymous). Administration for Children's Services, respondent; Meuris P. (Anonymous), appellant. (Proceeding No. 1.)
In the Matter of Goldie P. (Anonymous). Administration for Children's Services, respondent; Meuris P. (Anonymous), appellant. (Proceeding No. 2.)


Lauri Gennusa, Laurelton, NY, for appellant.
Georgia M. Pestana, Corporation Counsel, New York, NY (Deborah A. Brenner and D. Alan Rosinus, Jr., of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Claire V. Merkine of counsel), attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the father appeals from an order of disposition of the Family Court, Kings County (Ilana Gruebel, J.), dated February 26, 2020. The order of disposition, upon an order of fact-finding of the same court dated July 10, 2019, made after a fact-finding hearing, finding that the father neglected the subject children, and after a dispositional hearing, released the subject children to the custody of the nonrespondent mother under the supervision of the Administration for Children's Services for a period of six months, upon certain conditions to be met by the father.
ORDERED that the appeal from so much of the order of disposition as released the subject children to the custody of the nonrespondent mother under the supervision of the Administration of Children's Services for a period of six months, upon certain conditions to be met by the father, is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
The Administration for Children's Services (hereinafter ACS) commenced these proceedings pursuant to Family Court Act article 10, alleging that the father neglected the subject children by committing acts of domestic violence against the mother in the presence of the children. Evidence was presented at a fact-finding hearing of multiple instances of domestic violence perpetrated by the father against the mother, while at least one of the children was present. The son reported to an ACS caseworker that he witnessed, among other incidents, his father place his mother [*2]in a chokehold, which made him "fearful." The son further indicated to the ACS caseworker that the impetus for much of the turmoil in the home was his father's belief that his mother was cheating on him. The daughter likewise reported to the ACS caseworker that she had seen her father hit her mother on several occasions, and that witnessing these incidents made her feel depressed. When the father was interviewed by the ACS caseworker, he admitted, when asked about the choking incident his son had reported, that he had "placed his hands on the back of [the mother's] neck" and asked her, "[W]hen will you respect your husband?".
In an order of fact-finding dated July 10, 2019, the Family Court found that the father neglected the children. After a dispositional hearing, the court issued an order of disposition dated February 26, 2020, which released the children to the custody of the nonrespondent mother under ACS supervision for a period of six months, upon certain conditions to be met by the father. The father appeals.
The appeal from so much of the order of disposition as released the children to the custody of the mother under ACS supervision for a period of six months, upon certain conditions to be met by the father, must be dismissed as academic, as those portions of the order have expired (see Matter of Jermaine T. [Jairam T.], 193 AD3d 943, 945; Matter of Boobacar R. [Curtis G.], 188 AD3d 1073, 1074). However, since the adjudication of neglect constitutes a permanent and significant stigma that might indirectly affect the father's status in future proceedings, the appeal from so much of the order of disposition as brings up for review the finding of neglect is not academic (see Matter of Skye H. [Tianna S.], 195 AD3d 711, 713; Matter of Etonlivon C. [Lorris C.], 189 AD3d 1394, 1395).
"[A] party seeking to establish neglect must show, by a preponderance of the evidence, first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (Nicholson v Scoppetta, 3 NY3d 357, 368 [citation omitted]; see Family Ct Act § 1046[b][i]; Matter of Samuel W. [Luemay F.], 160 AD3d 755, 756). It is well settled that a child's experience of domestic violence can cause these harms or put a child in imminent danger of them (see e.g. Matter of Amelia V.M.B. [Davidson B.], 107 AD3d 980, 981). Indeed, "[e]ven a single act of domestic violence, either in the presence of a child or within the hearing of a child, may be sufficient for a neglect finding" (Matter of Nina P. [Giga P.], 180 AD3d 1047, 1047).
In neglect proceedings, "[u]nsworn out-of-court statements of the [children] may be received and, if properly corroborated, will support a finding of abuse or neglect" (Matter of Nicole V., 71 NY2d 112, 117-118). Family Court Act § 1046(a)(vi) "states a broad flexible rule providing that out-of-court statements may be corroborated by [a]ny other evidence tending to support their reliability" (Matter of Nicole V., 71 NY2d at 118 [internal quotation marks omitted]; see Matter of Christopher L., 19 AD3d 597, 597 ). "The Family Court, as the trier of fact, has considerable discretion in determining whether the child's statements are sufficiently corroborated and whether the record as a whole supports a finding of [neglect]" (Matter of Neleh B. [Quincy J.], 162 AD3d 1007, 1009 [internal quotation marks omitted]).
Here, the Family Court providently exercised its discretion in determining that the corroboration requirement was met. The children's out-of-court statements, which described similar incidents of neglect, cross-corroborated one another (see Matter of Kevin D. [Quran S.S.], 169 AD3d 1034, 1036). Moreover, the son's detailed account of the choking incident, as well as the father's admissions to the ACS caseworker regarding that incident and his testimony at the hearing, provided additional corroboration (see Matter of Nina P. [Giga P.], 180 AD3d at 1048).
Contrary to the father's contention, a preponderance of admissible evidence supported a finding that the children's physical, mental, or emotional conditions were impaired or in imminent danger of impairment by the father's commission of acts of domestic violence against the mother in the children's presence (see Matter of Jihad H. [Fawaz H.], 151 AD3d 1063, 1064).
The father's contention that he was deprived of the effective assistance of counsel is without merit (see Matter of Deanna E.R. [Latisha M.], 169 AD3d 691, 692). Notably, between the fact-finding and dispositional hearings, the Family Court appointed new counsel for the father and gave him ample opportunity to work with the new attorney to move to reopen the fact-finding hearing on the ground that his prior attorney had failed to present evidence that was favorable to him. The father, however, failed to cooperate with counsel in order to accomplish this.
The father's remaining contentions are either based on matter dehors the record and thus not properly before this Court (see Matter of Zahyre A. [Faye A.], 160 AD3d 717, 718) or not preserved for appellate review (see Matter of Nina P. [Giga P.], 180 AD3d at 1048).
Accordingly, we agree with the Family Court's finding that the father neglected the children.
HINDS-RADIX, J.P., BRATHWAITE NELSON, IANNACCI and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court