Matter of Rosengarten v New York State Off. of Children & Family Servs. (2022 NY Slip Op 01260)





Matter of Rosengarten v New York State Off. of Children & Family Servs.


2022 NY Slip Op 01260


Decided on February 24, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 24, 2022

Before: Acosta, P.J., Kapnick, Friedman, Singh, JJ. 


Index No. 156421/20 Appeal No. 15371 Case No. 2020-04786 

[*1]In the Matter of Martin Rosengarten, Petitioner,
v
New York State Office of Children and Family Services et al., Respondents.


Philip A. Greenberg, P.C., New York (Philip A. Greenberg of counsel), for petitioner.
Letitia James, Attorney General, New York (Eric Ross Haren of counsel), for New York State Office of Children and Family Services, New York Central Register of Child Abuse and Maltreatment, respondents.
Georgia M. Pestana, Corporation Counsel, New York (Chloe K. Moon of counsel), for New York City Administration for Children's Services, respondents.



Determination of respondent New York State Office of Children and Family Services (OCFS), dated June 18, 2020, which, after a hearing, denied petitioner's request to amend, as unfounded, and to seal an indicated report finding maltreatment of his minor son, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Eileen A. Rakower, J.], entered on or about October 26, 2020) dismissed, without costs.
The determination that petitioner provided inadequate guardianship is supported by substantial evidence in the record (CPLR 7803[4]; 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 179-182 [1978]). The investigative notes of respondent New York City Administration for Children's Services (ACS) provide clear evidence that petitioner, among other things, hit his then-11-year-old son on the head, threw a water bottle at the child sometime beforehand, and used derogatory references regularly (see Matter of Solvin M. v New York State Off. of Children & Family Servs., 181 AD3d 412, 413 [1st Dept 2020]; Social Services Law §§ 371[4-a][i][B], 412[2][a]; 18 NYCRR 432.1[b][1]). Petitioner's statements to ACS during its investigation, and his testimony at the hearing, generally corroborated the child's statements that the alleged incidents occurred, though he disputed the details and their severity (see e.g. Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d 1044, 1046 [2018]). It was also rational to conclude that petitioner's actions risked causing emotional impairment, as the child told ACS that he was fearful for his safety (see Matter of Serenity G. v Modi K., 171 AD3d 588, 588-589 [1st Dept 2019]; Matter of Velez v New York State Off. of Children, 157 AD3d 575, 575 [1st Dept 2018]).
Contrary to petitioner's contention, the ALJ properly accepted the ACS intake and progress notes into evidence. "The fact that ACS' case consisted [almost] entirely of hearsay, whereas petitioner testified, does not preclude our finding that OCFS' determination was supported by substantial evidence" (Matter of Parker v Carrion, 90 AD3d 512, 512 [1st Dept 2011]; see also Matter of Fields v New York State Off. of Children & Family Servs., 198 AD3d 454, 455 [1st Dept 2021]; accord Matter of Haug, 32 NY3d at 1046). Regarding petitioner's argument that the ACS notes were double hearsay, "reliance on hearsayeven double hearsaydoes not violate due process" (Matter of Parker, 90 AD3d at 513). Thus, "OCFS properly credited the agency's investigatory records containing the mother's and the child's statements, which were consistent with each other" (Matter of Velez, 157 AD3d at 575) as well as those of the nanny and school psychologist concerning the child's positive change in mood after petitioner's visitation schedule was altered. "OCFS was not required to credit petitioner's version of events" (id. at 575-576).
Furthermore, petitioner failed [*2]to preserve his arguments that he did not receive the ACS reports prior to the hearing, and that ACS submitted documents different from what he received, since his attorney acknowledged at the hearing that he received the documents and took the time to review them, but made no objection (see Matter of Kosmider v Whitney, 34 NY3d 48, 53 n 2 [2019], rearg denied 33 NY3d 1134 [2019]; Matter of Haug, 32 NY3d at 1047; Matter of Heavens v State of New York Off. of Children & Family Servs., 172 AD3d 594, 595 [1st Dept 2019]). In any event, petitioner's contentions are unavailing, as ACS demonstrated pre-hearing service in its answer and exhibits submitted in this proceeding, and petitioner provides no evidence showing that the documents in the record differed from what he received.
We have considered petitioner's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 24, 2022