Matter of Mariliz G. (Jamie G.) (2022 NY Slip Op 04627)

Matter of Mariliz G. (Jamie G.)

2022 NY Slip Op 04627

Decided on July 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
BARRY E. WARHIT, JJ.

2021-04472
 (Docket Nos. NN-02602-20, NN-02605-20, NN-02609-20, NN-02610-20)

[*1]In the Matter of Mariliz G. (Anonymous). Suffolk County Department of Social Services, respondent; Jamie G. (Anonymous), appellant. (Proceeding No. 1.)
In the Matter of Iliana Y. L. (Anonymous). Suffolk County Department of Social Services, respondent; Jamie G. (Anonymous), appellant. (Proceeding No. 2.)
In the Matter of Valentina P. (Anonymous). Suffolk County Department of Social Services, respondent; Jamie G. (Anonymous), appellant. (Proceeding No. 3.)
In the Matter of Yesenia P. (Anonymous). Suffolk County Department of Social Services, respondent; Jamie G. (Anonymous), appellant. (Proceeding No. 4.)

Michael J. Miller, Miller Place, NY, for appellant.
Dennis M. Cohen, County Attorney, Central Islip, NY (Jayne M. St. James of counsel), for respondent.
Laurette D. Mulry, Central Islip, NY (John B. Belmonte of counsel), attorney for the children.

DECISION & ORDER
In four related child protective proceedings pursuant to Family Court Act article 10, Jamie G. appeals from an order of fact-finding of the Family Court, Suffolk County (Caren Loguercio, J.), dated May 21, 2021. The order of fact-finding, after a fact-finding hearing, found that Jamie G. neglected the subject children.
ORDERED that the order is affirmed, without costs or disbursements.
The Suffolk County Department of Social Services (hereinafter the DSS) commenced these proceedings pursuant to Family Court Act article 10. Following a fact-finding hearing, the Family Court, in an order dated May 21, 2021, found that Jamie G. neglected the subject children.
In a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of proving neglect by a preponderance of the evidence (see Family Ct Act § 1046[b]; Matter of Sage H. [Lovette H.], 204 AD3d 795; Matter of Elisa V. [Hung V.], 159 AD3d 827, 828). A neglected child is a child "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his [or her] parent or other person legally responsible . . . to exercise a minimum degree of care . . . in providing [a] child with proper supervision [and] guardianship" (Family Ct Act § 1012[f][i][B]; see Matter of Sage H. [Lovette H.], 204 AD3d 795. "It is well settled that a child's experience of domestic violence can cause these harms or put a child in imminent danger of them" (Matter of Silveris P. [Meuris P.], 198 AD3d 787, 789). "Even a single act of domestic violence[ ] either in the presence of a child or within the hearing of a child, may be sufficient for a neglect finding" (Matter of Nina P. [Giga P.], 180 AD3d 1047, 1047). Furthermore, "'[a]lthough parents [and persons legally responsible] have a right to use reasonable physical force against a child in order to maintain discipline or to promote the child's welfare, the use of excessive corporal punishment constitutes neglect'" (Matter of Je'laya J. [Tracey S.], 192 AD3d 1032, 1033, quoting Matter of Elisa V. [Hung V.], 159 AD3d at 828).
"In neglect proceedings, '[u]nsworn out-of-court statements of the [children] may be received and, if properly corroborated, will support a finding of abuse or neglect'" (Matter of Silveris P. [Meuris P.], 198 AD3d at 789, quoting Matter of Nicole V., 71 NY2d 112, 117-118). Family Court Act § 1046(a)(vi) "states a broad flexible rule providing that out-of-court statements may be corroborated by [a]ny other evidence tending to support their reliability" (Matter of Nicole V., 71 NY2d at 118 [internal quotation marks omitted]). "Family Court Judges presented with the issue have considerable discretion to decide whether [a] child's out-of-court statements describing incidents of abuse or neglect have, in fact[ ] been reliably corroborated" (id. at 119). "The out-of-court statements of siblings may cross-corroborate one another where they independently describe similar incidents of neglect" (Matter of Alven V. [Ketly M.], 194 AD3d 725, 726). Moreover, the Family Court may disregard a child's recantation of a prior allegation if the court determines that the recantation is not credible (see Matter of Tarahji N. [Bryan N.—Divequa C.], 197 AD3d 1317, 1319; Matter of Luis N.P. [Alquiber R.], 127 AD3d 1201, 1202). "'Great deference is given to the Family Court's credibility determinations, as it is in the best position to assess the credibility of the witnesses having had the opportunity to view the witnesses, hear the testimony, and observe their demeanor'" (Matter of Je'laya J. [Tracey S.], 192 AD3d at 1033, quoting Matter of Emmanuel E. [Debra C.], 187 AD3d 1014, 1014).
Here, the Family Court properly determined that the DSS established by a preponderance of the evidence that Jamie G. neglected the children by inflicting excessive corporal punishment on them (see Matter of Je'laya J. [Tracey S.], 192 AD3d at 1033; Matter of Luis N.P. [Alquiber R.], 127 AD3d at 1202) and by committing domestic violence in the presence of the children (see Matter of Silveris P. [Meuris P.], 198 AD3d at 789; Matter of Na'ima W. [Kenyatta W.], 192 AD3d 1127, 1128). Contrary to Jamie G.'s contention, the out-of-court statements by the children were sufficiently corroborated by each other and by the observations of the caseworker (see Matter of Alven V. [Ketly M.], 194 AD3d at 727; Matter of Antonio T. [Franklin T.], 169 AD3d 699, 701). There is no basis for disturbing the court's credibility determinations, which are entitled to deference (see Matter of Luis N.P. [Alquiber R.], 127 AD3d at 1202).
Furthermore, Jamie G.'s contention that his right to due process was violated is without merit (see Matter of Rosengarten v New York State Off. of Children & Family Servs., 202 AD3d 639, 640; cf. Citibank, N.A. v Kerszko, 203 AD3d 42, 56).
BARROS, J.P., MALTESE, WOOTEN and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court