Matter of Logan P. (Kendell P.) (2024 NY Slip Op 03429)

Matter of Logan P. (Kendell P.)

2024 NY Slip Op 03429

Decided on June 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2023-02561
 (Docket Nos. N-17099-21, N-17100-21, N-17101-21)

[*1]In the Matter of Logan P. (Anonymous). Administration for Children's Services, respondent; Kendell P. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Liam P. (Anonymous). Administration for Children's Services, respondent; Kendell P. (Anonymous), appellant. (Proceeding No. 2)
In the Matter of Taylor M. P. (Anonymous). Administration for Children's Services, respondent; Kendell P. (Anonymous), appellant. (Proceeding No. 3)

Lewis S. Calderon, Jamaica, NY, for appellant.
Muriel Goode-Trufant, Acting Corporation Counsel, New York, NY (Ingrid R. Gustafson and Karin Wolfe of counsel), for respondent.
Ronna L. DeLoe, Larchmont, NY, attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the father appeals from an order of fact-finding and disposition of the Family Court, Kings County (Ben Darvil, Jr., J.), dated February 28, 2023. The order of fact-finding and disposition, insofar as appealed from, after a fact-finding hearing, found that the father neglected the subject children.
ORDERED that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
In December 2021, the Administration for Children's Services (hereinafter ACS) commenced these related proceedings pursuant to Family Court Act article 10 against the father, alleging that he neglected the subject children by committing an act of domestic violence against the nonrespondent mother while in an elevator with the children present. Following a fact-finding hearing, at which ACS relied on the children's out-of-court statements to an ACS caseworker, the Family Court found that the father neglected the children. The father appeals.
"'A finding of neglect is proper where a preponderance of the evidence establishes that the child's physical, mental, or emotional condition was impaired or was in danger of becoming impaired by the parent's commission of an act, or acts, of domestic violence in the child's presence'" (Matter of Bronx S. [Denzel J.], 217 AD3d 956, 957, quoting Matter of Kiara C. [David C.], 85 AD3d 1025, 1026). "Even a single act of domestic violence, either in the presence of a child or [*2]within the hearing of a child, may be sufficient for a neglect finding" (Matter of Abdul R. [Abdul G.], 225 AD3d 881, 882; see Matter of Roland M. [Manuel M.], 224 AD3d 903, 904-905).
"In neglect proceedings, '[u]nsworn out-of-court statements of the [children] may be received and, if properly corroborated, will support a finding of abuse or neglect'" (Matter of Silveris P. [Meuris P.], 198 AD3d 787, 789, quoting Matter of Nicole V., 71 NY2d 112, 117-118). "'The Family Court, as the trier of fact, has considerable discretion in determining whether the child[ren]'s statements are sufficiently corroborated and whether the record as a whole supports a finding of [neglect]'" (Matter of Silveris P. [Meuris P.], 198 AD3d at 789, quoting Matter of Neleh B. [Quincy J.], 162 AD3d 1007, 1009).
Here, a preponderance of admissible evidence supported a finding that the children's physical, mental, or emotional conditions were impaired or in imminent danger of impairment by the father's commission of an act of domestic violence against the mother in the presence of the children (see Matter of Abdul R. [Abdul G.], 225 AD3d at 882; Matter of Bronx S. [Denzel J.], 217 AD3d at 957). Contrary to the father's contention, the Family Court providently exercised its discretion in determining that the children's out-of-court statements to an ACS caseworker that the father hit or punched the mother in the elevator and that the children felt scared and were crying reliably cross-corroborated one another (see Matter of Divine K.M. [Andre G.], 211 AD3d 733, 735; Matter of Silveris P. [Meuris P.], 198 AD3d at 789).
The father's remaining contention is improperly raised for the first time on appeal and, in any event, without merit.
CONNOLLY, J.P., GENOVESI, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court