■ In the Matter of LYNELLE W. and Another, Children Alleged to be Neglected or Abused. (Appeal No. 1.)—Order unanimously affirmed without costs. Memorandum: The record supports the court's findings that both parents abused their daughter and that the father neglected his son. Issues of credibility were for the court to resolve and the court's findings must be accorded the greatest respect *(see, Matter of Irene O.,* 38 NY2d 776, 777). Although the mother did not directly participate in the stepfather's sexual abuse of her daughter, the evidence established that she knew or should have known about it and did nothing to prevent it *(see,* Family Ct Act § 1012 [e] [iii]; *Matter of Trina Marie H.,* 48 NY2d 742). The

evidence also established that the father neglected his son because his sexual abuse of his stepdaughter demonstrated a fundamental defect in his understanding of the duties and obligations of parenthood and created an atmosphere detrimental to the physical, mental and emotional well-being of the son as well (see, Family Ct Act § 1012 [f] [i]; *Matter of Christina Maria C.,* 89 AD2d 855; *Matter of Department of Social Servs. v Manual S.,* 148 Misc 2d 988, 993-995; *Matter of Katherine C.,* 122 Misc 2d 276, 282). The court did not abuse its discretion in permitting the daughter to testify out of the presence of her mother and stepfather. The court properly balanced the respective interests of the parties and, based upon the hearing testimony, reasonably concluded that the daughter would suffer substantial emotional trauma if she were compelled to testify in open court (see, *Matter of Donna K.,* 132 AD2d 1004). We have considered each of the remaining contentions raised and find them lacking in merit. (Appeals from Order of Oneida County Family Court, Flemma, J. —Child Abuse; Neglect.) Present—Doerr, J. P., Denman, Boomer, Green and Davis, JJ.