■ In the Matter of RHIANNON B., a Child Alleged to be Abused. CLARANNE B., Appellant; GENESEE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. (Appeal No. 1.) [654 NYS2d 537] —Order unanimously affirmed without costs. Memorandum: In this child protective proceeding pursuant to article 10 of the Family Court Act, petitioner alleged that respondent abused her 14-year-old daughter by allowing her to be sexually abused by respondent's husband, the child's stepfather (see, Family Ct Act § 1012 [e] [iii]). In separate petitions, petitioner alleged that, in abusing her daughter, respondent thereby neglected her three sons (see, Matter of Patricia J. [appeal No. 1], 206 AD2d 847, lv denied 84 NY2d 810). Following a fact-finding hearing, Family Court found that the allegations in the petitions were established. The parties apparently negotiated the dispositions, and the court issued orders placing the daughter in the custody of her maternal grandmother, with visitation to respondent, and releasing the other children to respondent's custody under supervision. The court also issued orders of protection on behalf of the children. Respondent appeals from each order.

We conclude that petitioner established by a preponderance of the evidence that respondent "knew or should reasonably have known" that her daughter was in danger (Matter of Sara X., 122 AD2d 795, 796, appeal dismissed 69 NY2d 707; see, Matter of Joseph DD., 214 AD2d 794, 795) and that "a reasonably prudent parent would have acted differently and, in so doing, prevented the injury" (Matter of Robert YY., 199 AD2d 690, 692). The testimony of respondent that she was unaware of the sexual abuse presented a credibility issue for the court, which had the advantage of having seen and heard the witnesses, and we decline to disturb the court's resolution of that credibility issue (see, Matter of Lynelle W., 177 AD2d 1008).

We further conclude that the court properly found that respondent had neglected her other children. The failure of respondent to protect her daughter "demonstrated a fundamental defect in [her] understanding of the duties and obligations of parenthood and created an atmosphere detrimental to the physical, mental and emotional well-being of the [other children] as well" (Matter of Lynelle W., supra, at 1009; see, Matter of Patricia J., supra). (Appeal from Order of Genesee County

Family Court, Graney, J.—Abuse.) Present—Denman, P. J., Pine, Lawton, Balio and Boehm, JJ.