■ In the Matter of CORY S., and Another. ONONDAGA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TERRY W., Appellant, et al., Respondent. [897 NYS2d 322]—

Appeal from an order of the Family Court, Onondaga County

(Martha E. Mulroy, J.), entered November 16, 2007 in a proceeding pursuant to Family Court Act article 10. The order, insofar as appealed from, adjudged that respondent Terry W. abused her daughter and derivatively neglected her son.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this proceeding pursuant to article 10 of the Family Court Act, respondent mother appeals from an order of fact-finding and disposition adjudging that she abused her daughter and derivatively neglected her son. We reject the mother's contention that Family Court erred in admitting in evidence the out-of-court statements of a child who was not a subject of this proceeding (see Matter of Ian H., 42 AD3d 701, 702 [2007], lv denied 9 NY3d 814 [2007]). The mother failed to object to the admission in evidence of the daughter's medical records on the grounds raised on appeal and thus failed to preserve her current contentions with respect to those records for our review (see Matter of Pauline E. v Renelder P., 37 AD3d 1145, 1146 [2007]; Matter of James E., 17 AD3d 871, 873 [2005]). Contrary to the mother's further contention, the findings of abuse and derivative neglect are supported by the requisite preponderance of the evidence (see Family Ct Act § 1046 [b] [i]). Petitioner established that the mother "knew or should reasonably have known" that her daughter was in danger of being physically and sexually abused by her adult son (Matter of Sara X., 122 AD2d 795, 796 [1986], appeal dismissed 69 NY2d 707 [1986]; see Matter of Lynelle W., 177 AD2d 1008 [1991]), "and that 'a reasonably prudent parent would have acted differently and, in so doing, prevented the injury' " (Matter of Rhiannon B., 237 AD2d 935 [1997]). The finding of derivative neglect with respect to the son who is the subject of this proceeding was proper because the mother, by allowing the daughter to be abused, thereby "demonstrated a fundamental defect in [her] understanding of the duties and obligations of parenthood and created an atmosphere detrimental to the physical, mental and emotional well-being of the son as well" (Lynelle W., 177 AD2d at 1009; see Matter of Derrick C., 52 AD3d 1325, 1326 [2008], lv denied 11 NY3d 705 [2008]). Present—Scudder, P.J., Centra, Fahey and Green, JJ.