In the Matter of MICHAEL B. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; SAMANTHA B., Appellant. (Proceeding No. 1.) In the Matter of LUCAS B. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; SAMANTHA B., Appellant. (Proceeding No. 2.) [13 NYS3d 196]—

Appeals from two orders of fact-finding of the Family Court, Queens County (John M. Hunt, J.) (one as to each child), both dated April 30, 2013, and two orders of disposition of that court (Marybeth S. Richroath, J.) (one as to each child), both dated March 11, 2014. The orders of fact-finding, insofar as appealed from, after a hearing, found that the mother neglected the child Michael B. and abused the child Lucas B. The orders of disposition, among other things, placed Michael B. in the custody of the Commissioner of Social Services of the City of New York until the conclusion of the next permanency hearing, which was to commence on June 10, 2014, and released Lucas B. to the mother's custody, under the supervision of the Administration for Children's Services for a period of nine months.

Ordered that the appeals from the orders of fact-finding are dismissed, without costs or disbursements, as the orders of fact-finding were superseded by the orders of disposition, and are brought up for review on the appeals from the orders of disposition; and it is further,

Ordered that the appeal from so much of the order of disposition as released Lucas B. to the mother's custody, under the supervision of the Administration for Children's Services for a period of nine months, is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the appeal from so much of the order of disposition as placed Michael B. in the custody of the Commissioner

of Social Services of the City of New York until the conclusion of the next permanency hearing, which was to commence on June 10, 2014, is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the orders of disposition are affirmed insofar as reviewed, without costs or disbursements.

The appeal from so much of the order of disposition as released Lucas B. to the mother's custody, under the supervision of the Administration for Children's Services for a period of nine months, must be dismissed as academic, as that portion of the order has already expired (see Matter of Linda F. [Jose F.], 119 AD3d 944, 945 [2014]; Matter of Joshua P. [David J.], 111 AD3d 836, 837 [2013]). For the same reason, the appeal from so much of the order of disposition as placed Michael B. in the custody of the Commissioner of Social Services of the City of New York until the conclusion of the next permanency hearing, which was to commence on June 10, 2014, must be dismissed as academic. However, since an adjudication of abuse or neglect "constitutes a permanent and significant stigma that might indirectly affect the appellant's status in future proceedings," the appeals from so much of the orders of disposition as bring up for review the findings of abuse and neglect have not been rendered academic (Matter of Joshua P. [David J.], 111 AD3d at 837 [internal quotation marks omitted]; Matter of Dariana K.C. [Katherine M.], 99 AD3d 899, 900 [2012]).

In a child protective proceeding, the petitioner has the burden of proving abuse or neglect by a preponderance of the evidence (see Family Ct Act § 1046 [b] [i]). To satisfy this burden, the petitioner may rely upon prior out-of-court statements of the subject children, provided that they are properly corroborated (see Family Ct Act § 1046 [a] [vi]; Matter of Nicole V., 71 NY2d 112, 117-118 [1987]; Matter of Mateo S. [Robin Marie Y.], 118 AD3d 891, 892 [2014]). "[T]he out-of-court statements of siblings may properly be used to cross-corroborate one another" (Matter of Tristan R., 63 AD3d 1075, 1076-1077 [2009]; see Matter of Arique D. [Elizabeth A.], 111 AD3d 625, 627 [2013]; Matter of Iouke H. [Terrence H.], 94 AD3d 889, 891 [2012]). The Family Court has considerable discretion in deciding whether out-of-court statements made by children have been reliably corroborated and whether the record as a whole supports a finding of abuse or neglect (see Matter of Nicole V., 71 NY2d at 119; Matter of Alexander M. [Benjamin M.], 88 AD3d 794, 795 [2011]; Matter of Joshua B., 28 AD3d 759 [2006]). Moreover, where the Family Court is primarily confronted with issues of credibility, its factual findings must

be accorded considerable deference on appeal (*see Matter of Cheryale B. [Michelle B.]*, 121 AD3d 976, 977 [2014]; *Matter of Alexis S. [Edward S.]*, 115 AD3d 866 [2014]; *Matter of Jada K.E. [Richard D.E.]*, 96 AD3d 744 [2012]).

Here, a preponderance of the evidence supported the Family Court's determination that the mother abused Lucas B. by failing to protect him from being sexually abused by his older brother Michael B., and neglected Michael B. by failing to exercise a minimum degree of care in providing him with proper supervision and guardianship (*see* Family Ct Act § 1012 [e] [iii]; [f] [i]; *Matter of Dylan G. [Victor M.]*, 119 AD3d 786, 787 [2014]; *Matter of Cory S. [Terry W.]*, 70 AD3d 1321, 1322 [2010]; *Matter of Patricia B.*, 61 AD3d 861, 862 [2009]; *Matter of Ivette R.*, 282 AD2d 751 [2001]; *Matter of Katrina W.*, 171 AD2d 250 [1991]). The evidence presented at the fact-finding hearing established that, in July and August 2012, then-13-year-old Michael B. and his younger brother, then-seven-year-old Lucas B., made independent and consistent out-of-court statements to several individuals describing three separate incidents when Michael B. sexually abused Lucas B. (*see Matter of Jada A. [Robert W.]*, 116 AD3d 769 [2014]; *Matter of Tristan R.*, 63 AD3d 1075 [2009]; *Matter of Department of Social Servs. v Waleska M.*, 195 AD2d 507 [1993]). Although the mother denied that she had any knowledge of abuse that occurred prior to July 9, 2012, the court's determination that she lacked credibility is entitled to deference and is fully supported by the record (*see Matter of Sarah W. [Barbara G.F.]*, 122 AD3d 931 [2014]; *Matter of Cheryale B. [Michelle B.]*, 121 AD3d at 977; *Matter of Rhiannon B.*, 237 AD2d 935 [1997]). Moreover, although the mother separated the subject children by arranging for Lucas B. to reside with the maternal aunt on July 9, 2012, and sought treatment for Michael B. concerning his sexually abusive conduct on July 10, 2012, the evidence also demonstrated that the mother failed to take any steps to disclose the abuse or seek treatment for Michael B. prior to that time (*see Matter of Kyanna T. [Winston R.]*, 99 AD3d 1011, 1013 [2012]; *Matter of Brian P. [April C.]*, 89 AD3d 1530 [2011]; *Matter of Aliciya R.*, 56 AD3d 784 [2008]). Mastro, J.P., Austin, Sgroi and Barros, JJ., concur.