■ In the Matter of ZENAIDA O. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ALBERTO L., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of ALBERTO O. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ALBERTO L., Appellant, et al., Respondent. (Proceeding No. 2.) In the Matter of JEFF O. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ALBERTO L., Appellant, et al., Respondent. (Proceeding No. 3.) In the Matter of DALILA O. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ALBERTO L., Appellant, et al., Respondent. (Proceeding No. 4.) In the Matter of SILVIA O. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ALBERTO L., Appellant, et al., Respondent. (Proceeding No. 5.) [33 NYS3d 407]—

Appeal from an order of the Family Court, Kings County (Frank M. Hoelldobler, Ct. Atty. Ref.), dated May 4, 2015. The order, after a permanency hearing, inter alia, continued the provisions of an order of disposition of that court (Amanda E. White, J.) dated July 26, 2013, directing the father to complete a sex offender program and requiring that all visitation between the father and the children Alberto, Jeff, and Dalila be supervised.

Ordered that the order dated May 4, 2015, is affirmed, without costs or disbursements.

Alberto L. (hereinafter the father) is the biological father of the children Alberto, Jeff and Dalila, and a person legally responsible for the children Zenaida and Silvia. In 2011, the Administration for Children's Services (hereinafter ACS) filed

neglect and abuse petitions against the father. In the neglect proceedings, upon the father's consent to an entry of fact-finding without admission, the Family Court found, in an order dated November 30, 2012, that the father neglected Dalila, Zenaida and Silvia by failing to provide them with adequate educational care and derivatively neglected Alberto and Jeff. In the abuse proceedings, upon the father's consent to an entry of fact-finding without admission, the court found, in an order also dated November 30, 2012, that the father abused Zenaida and Silvia by committing sex offenses against them, and derivatively neglected Alberto, Jeff and Dalila. The father subsequently pleaded guilty to course of sexual conduct against a child in the first degree and was sentenced to 13 years' imprisonment. In an order of disposition dated July 26, 2013, the court directed the father to complete a sex offender program, and required that any visitation with Alberto, Jeff and Dalila be supervised.

After a permanency hearing, the Family Court issued an order dated May 4, 2015.

The court found no evidence at the hearing that the father had completed a sex offender program, and no basis to vacate the provision of the order of disposition directing that the father complete such a program. The court also found that the best interests of Alberto, Jeff and Dalila require that the father's visitation with them be supervised until the father completes a sex offender program, and continued the provisions of the order of disposition dated July 26, 2013, directing the father to complete a sex offender program and requiring that all visitation between the father and Alberto, Jeff and Dalila be supervised.

Contrary to the father's contentions, when the Family Court permanently discharged the subject children to the mother, it did not lose jurisdiction to continue the provisions of the order of disposition dated July 26, 2013, directing the father to complete a sex offender program, and requiring that all visitation between the father and the children Alberto, Jeff and Dalila be supervised. The Family Court retains continuing jurisdiction, after it has made an order of disposition in a child protective proceeding, to continue and enforce any of its prior orders (see 2-33 New York Civil Practice: Family Court Proceedings § 33.01; *Matter of Ramel H. [Tenese T.]*, 134 AD3d 1590, 1591 [2015]). Indeed, Family Court Act § 1089 (d) (1) specifically provides that the court may terminate placement of a child "with such further orders as the court deems appropriate."

The Family Court correctly determined that there was no basis upon which to vacate the provision of the order of disposition directing the father to complete a sex offender program. The court also correctly determined that the best interests of Alberto, Jeff and Dalila require that all of their visitation with the father be supervised. Leventhal, J.P., Dickerson, Sgroi and Cohen, JJ., concur.