■ In the Matter of SANIA S. and Others, Children Alleged to be Abused. MARCIA McG-W., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [39 NYS3d 148]—

Order, Family Court, Bronx County (Monica Drinane, J.), entered on or about December 16, 2014, which, among other things, after a fact-finding hearing, found that respondent mother had abused the subject children, unanimously affirmed, without costs.

Petitioner agency satisfied its burden of proving, by a preponderance of the evidence, that respondent, the children's adoptive mother and biological grandmother, had abused the children within the meaning of Family Court Act § 1012 (e) (iii). In particular, the evidence showed that, despite her knowledge that the children were engaging in sexual conduct with each other, respondent failed to implement adequate measures to protect them from further harm and failed to ensure that they obtained appropriate therapeutic treatment (see Matter of Milagros C. [Rosa R.], 121 AD3d 481 [1st Dept 2014]; Matter of Jaquay O., 223 AD2d 422 [1st Dept 1996], lv denied 88 NY2d 801 [1996]; Matter of Tania J., 147 AD2d 252 [1st Dept 1989]). The children's out-of-court statements concerning the sexual conduct in the home and respondent's lack of concern when they complained about the oldest child's conduct, were detailed and consistent, and thus served to cross-corroborate each other (see Matter of Maria Daniella R. [Maria A.], 84 AD3d 1384, 1385 [2d Dept 2011]). The children's use of explicit and age-inappropriate vocabulary itself supported the finding that they were engaging in sexual conduct. Moreover, respondent admitted that a treating therapist had informed her that the oldest child had been molested and had reported sexual conduct among the children. Despite this knowledge, respondent failed to ensure that the three oldest children attended their therapy appointments, and continued to allow an adult male to be present in the home at night. She also acknowledged that she had continued to allow the children's biological mother to care for them after learning that the oldest child had reported that she had watched pornography with the biological mother. Concur—Friedman, J.P., Andrias, Saxe, Feinman and Kahn, JJ.