■ In the Matter of KALIIA F. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; JASON F., Respondent. (Proceeding No. 1.) In the Matter of KHA LII F. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; JASON F., Respondent. (Proceeding No. 2.) [49 NYS3d 151]—

Appeal from an order of the Family Court, Kings County (Michael A. Ambrosio, J.), dated October 2, 2015. The order, after a fact-finding hearing, dismissed the neglect petitions without prejudice.

Ordered that the order is affirmed, without costs or disbursements.

The petitioner, Administration for Children's Services, filed neglect petitions pursuant to Family Court Act article 10 against the respondent, which alleged that he had derivatively neglected his children based upon prior convictions of endangering the welfare of a child regarding two other children. Following a fact-finding hearing, the Family Court found that the petitioner failed to establish a prima facie case of neglect and dismissed the petitions.

Family Court Act § 1012 (f) defines a neglected child as one "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his parent or other person legally responsible for his care to exercise a minimum degree of care" (Family Ct Act § 1012 [f] [i]) by, inter alia, "unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof" (Family Ct Act § 1012 [f] [i] [B]).

Here, the petitioner failed to establish by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]) that the respondent posed an imminent danger to his children (*see Matter of*

*Afton C. [James C.]*, 17 NY3d 1 [2011]). At the fact-finding hearing, the petitioner presented a caseworker as its only witness and documentation of the father's criminal offenses. The caseworker testified to previous statements allegedly made to her by a child complainant in one of the respondent's prior criminal cases. Family Court Act § 1046 (a) (vi) provides that "previous statements made by the child relating to any allegations of abuse or neglect shall be admissible in evidence." Such statements are admissible in a child protective proceeding, even when the child is not the subject of the proceeding (*see Matter of Cory S. [Terry W.]*, 70 AD3d 1321 [2010]; *Matter of Ian H.*, 42 AD3d 701 [2007]). However, child protective proceedings encompass only abuse or neglect by a person who is a parent or other person legally responsible for the child's care (*see* Family Ct Act § 1012), and the sections regarding admissibility of previous statements of an abused or neglected child refer to a child in the care of the respondent (*see* Family Ct Act § 1046 [a]).

A person legally responsible includes a custodian of the child, which "may include any person continually or at regular intervals found in the same household as the child when the conduct of such person causes or contributes to the abuse or neglect of the child" (Family Ct Act § 1012 [g]). In determining whether a respondent is such a custodian, the court should consider the particular circumstances, including "the frequency and nature of the contact between the child and respondent, the nature and extent of the control exercised by the respondent over the child's environment, the duration of the respondent's contact with the child, and the respondent's relationship to the child's parent(s)" (*Matter of Yolanda D.*, 88 NY2d 790, 796 [1996]). A person legally responsible is not a caregiver who has fleeting or temporary care of a child, such as a supervisor of a play date (*see id.* at 796).

Here, the petitioner failed to establish that the respondent was a person legally responsible for the child whose statements it wished to introduce through the testimony of the caseworker (*see* Family Ct Act § 1012 [g]; *Matter of Jasmine A.*, 18 AD3d 546, 548-549 [2005]; *cf. Matter of Trenasia J. [Frank J.]*, 25 NY3d 1001, 1005 [2015]). Accordingly, the Family Court properly found that the out-of-court hearsay statements of this child were not admissible under the hearsay exception provided by Family Court Act § 1046 (a) (vi) (*see Matter of Destiny P. [Damisa H.]*, 48 Misc 3d 435, 442 [2015]).

Furthermore, although the Family Court granted the petitioner adjournments in order to procure this child's pres-

ence in court, the child did not appear. The remaining evidence, which consisted only of certain criminal court records regarding the respondent's convictions of endangering the welfare of a child, were insufficient for the court to make a finding of derivative neglect (*see Matter of Afton C. [James C.]*, 17 NY3d 1 [2011]; *Matter of Cadejah AA.*, 33 AD3d 1155 [2006]). The records did not sufficiently detail the facts underlying these criminal convictions. Without additional evidence, expert or otherwise, on this record, the petitioner failed to prove by a preponderance of the evidence that the respondent posed an imminent danger to his children.

Accordingly, the Family Court properly dismissed the petitions without prejudice. Austin, J.P., Miller, LaSalle and Connolly, JJ., concur.