■ In the Matter of ENRIQUE R. and Another, Children Alleged to be Neglected. EDDIE R., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [49 NYS3d 658]—

Order of disposition, Family Court, Bronx County (Linda B. Tally, J.), entered on or about June 18, 2015, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about March 19, 2015, finding that respondent derivatively neglected the subject children, unanimously affirmed, without costs. Appeal from fact-finding order, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.

The finding of neglect is supported by a preponderance of the evidence, and the court's credibility determinations are entitled to deference (Family Ct Act § 1046 [b] [i]; *Matter of Irene O.*, 38 NY2d 776, 777-778 [1975]).

The neglect findings were not based solely upon a presumption that the father's conviction for sexually abusing an unrelated five year old is sufficient to establish that he poses a danger to his children in the absence of treatment (*see Matter of Afton C. [James C.]*, 17 NY3d 1, 9-10 [2011]). Rather, the neglect findings were premised on the circumstances surrounding the conviction, which involved abuse of a friend's child, as well as the father's failure to complete a sex offender treatment program prior to the filing of the petitions, denial of responsibility for the crime to which he had pleaded guilty, and violation of the conditions of his parole which prohibited him from living with any children without permission of the sentencing court (*see Matter of Cashmere S. [Rinell S.]*, 125 AD3d 543, 544-545 [1st Dept 2015], *lv denied* 26 NY3d 909 [2015]; *Matter of Anastacia L. [Vito L.]*, 90 AD3d 452, 453 [1st Dept 2011], *lv denied* 18 NY3d 809 [2012]; *Matter of Ahmad H.*, 46 AD3d 1357, 1358 [4th Dept 2007], *lv denied* 12 NY3d 715 [2009]). The court was also justified in drawing a negative inference concerning the father's rehabilitation based on his failure to testify and his denial of responsibility (*Matter of Brandon M. [Luis M.]*, 94 AD3d 520, 521 [1st Dept 2012]). All of these factors together warranted a finding that the father was not acting as a "reasonable and prudent parent" under the circumstances (*Matter of Christopher C. [Joshua C.]*, 73 AD3d 1349, 1350-1351 [3d Dept 2010]). Concur—Friedman, J.P., Andrias, Gische and Webber, JJ.