Matter of Brysen A. ( (Bryan A.) (2018 NY Slip Op 03353)





Matter of Brysen A. ( (Bryan A.)


2018 NY Slip Op 03353


Decided on May 9, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2016-10754
 (Docket Nos. N-30876-14, N-30877-14)

[*1]In the Matter of Brysen A. (Anonymous). Administration for Children's Services, petitioner- respondent; Bryan A. (Anonymous), appellant, et al., respondent. (Proceeding No. 1)
In the Matter of Bryelle A. (Anonymous). Administration for Children's Services, petitioner- respondent; Bryan A. (Anonymous), appellant, et al., respondent. (Proceeding No. 2)


Mark Diamond, New York, NY, for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Claude S. Platton and Jeremy W. Shweder of counsel), for petitioner-respondent.
Larry S. Bachner, New York, NY, attorney for the children.



DECISION & ORDER
Appeal from an order of fact-finding and disposition of the Family Court, Kings County (Alan Beckoff, J.), dated August 9, 2016. The order, insofar as appealed from, after a fact-finding and dispositional hearing, found that the father derivatively abused the subject children and directed the issuance of a final order of protection in favor of the subject children and against the father.
ORDERED that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
The Administration for Children's Services (hereinafter ACS) commenced these proceedings pursuant to article 10 of the Family Court Act, alleging that the father derivatively abused his two children, Brysen A. and Bryelle A. (hereinafter together the subject children). Thereafter, a fact-finding and dispositional hearing was held at which ACS introduced into evidence, inter alia, the transcript of the father's plea of guilty to the federal charges of conspiracy to commit sex trafficking, sex trafficking of a child, and promotion of prostitution. In his plea, the father admitted to a course of conduct in the 10-year period prior to his arrest during which, at various times, he had agreed to have a minor perform sex acts for money, he had arranged for minors to perform sex acts for money, and he and the subject children's mother had operated a prostitution business. The father did not testify or present any evidence at the hearing. The Family Court found that the father derivatively abused the subject children. In addition, in a related contemporaneous proceeding, the father consented to a finding of abuse arising out of excessive corporal punishment the father inflicted on his then 16-year-old half-sister. As is relevant to this appeal, the court thereafter directed that the father be supervised by ACS for a period of six months and entered a final order of protection in favor of the subject children and against the father for a period of six months, [*2]allowing the father only supervised visitation with the subject children. The father appeals.
In a child protective proceeding pursuant to Family Court Act article 10, a finding that a child is abused or neglected must be supported by a preponderance of the evidence (see Family Ct Act § 1046[b][i]; Matter of Tammie Z., 66 NY2d 1, 3). In a derivative abuse or neglect proceeding, "proof of the abuse or neglect of one child shall be admissible evidence on the issue of the abuse or neglect of any other child" (Family Ct Act § 1046[a][i]). A derivative finding of abuse is proper where the evidence of abuse of another child or children demonstrates such an impaired level of parental judgment so as to create a substantial risk of harm for any child in the parent's care (see Matter of Harmony M.E. [Andre C.], 121 AD3d 677, 679; Matter of Amirah L. [Candice J.], 118 AD3d 792, 793). Here, the Family Court properly found that the father derivatively abused the subject children based on, inter alia, the evidence of his federal convictions and the underlying basis for those convictions (see Matter of Enrique R. [Eddie R.], 148 AD3d 474, 475; Matter of Lillian SS. [Brian SS.], 118 AD3d 1079, 1080; Matter of Angelica M. [Nugene A.], 107 AD3d 803, 804-805; Matter of Anastacia L. [Vito L.], 90 AD3d 452, 453).
At a dispositional hearing, the court's disposition must be made "on the basis of the best interests of the child" (Family Ct Act § 631; see Matter of Star Leslie W., 63 NY2d 136, 147-148; Matter of Victoria P. [Victor P.], 121 AD3d 1006, 1007; Matter of Phillips N. [Joy N.], 104 AD3d 690, 691). Under the circumstances here, the Family Court properly determined that a final order of protection against the father, subject to supervised visitation as permitted by federal correctional authorities, was in the best interests of the subject children (see Family Ct Act § 631; Matter of Zenaida O. [Alberto L.], 140 AD3d 882, 883; see also Matter of Craig S. v Emily S., 149 AD3d 751, 753).
The father's remaining contention is without merit.
CHAMBERS, J.P., HINDS-RADIX, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court