Matter of Kevin D. (Quran S. S.) (2019 NY Slip Op 01408)





Matter of Kevin D. (Quran S. S.)


2019 NY Slip Op 01408


Decided on February 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-11125
2017-11128
 (Docket Nos. N-2380-15, N-2381-15, N-2382-15)

[*1]In the Matter of Kevin D. (Anonymous). Administration for Children's Services, petitioner; Quran S. S. (Anonymous), respondent. (Proceeding No. 1)
In the Matter of Wilhelmenia D. (Anonymous). Administration for Children's Services, petitioner-respondent; Quran S. S. (Anonymous), appellant. (Proceeding No. 2)
In the Matter of Charisma D. (Anonymous). Administration for Children's Services, petitioner-respondent; Quran S. S. (Anonymous), appellant. (Proceeding No. 3)


Francine Scotto, Staten Island, NY, for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Claude S. Platton and Jessica Miller of counsel), for petitioner-respondent.
Kenneth M. Tuccillo, Hastings-on-Hudson, NY, attorney for the child Kevin D.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Riti P. Singh of counsel), attorney for the children Wilhelmenia D. and Charisma D.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, Quran S. S. appeals from (1) an order of fact-finding of the Family Court, Richmond County (Karen B. Wolff, J.), dated October 5, 2017, and (2) an order of disposition of the same court dated October 17, 2017. The order of fact-finding, insofar as appealed from, found that Quran S. S. abused the children Wilhelmenia D. and Charisma D. The order of disposition directed Quran S. S., inter alia, to comply with a final order of protection and with supervision until April 16, 2018, released the child Charisma D. to the custody of the nonparty parents with supervision by a child protective agency, and declined to direct supervision of the child Wilhelmenia D., as she was then over the age of 18.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as the portions of the order of fact-finding appealed from were superseded by the order of disposition and are brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the order of disposition is affirmed, without costs or disbursements.
The petitioner commenced this abuse proceeding on June 1, 2015, against Quran S. S., alleging, inter alia, that he was a person legally responsible for the care of the subject children, his half-siblings, and had committed sex offenses against the children Wilhelmenia D. and Charisma D. as defined in Penal Law article 130. After a fact-finding hearing, the Family Court found that Quran S. S. was legally responsible for the care of Wilhelmenia D. and Charisma D. and that he had sexually abused them. The court released Charisma D. to the custody of the nonparty parents and directed Quran S. S., inter alia, to comply with a final order of protection in favor of that child. Because Wilhelmenia D. had reached the age of 18, the court concluded that no supervision of her was necessary. Quran S. S. appeals.
Contrary to Quran S. S.'s contention, the Family Court providently exercised its discretion in finding that he was a person legally responsible for the care of Wilhelmenia D. and Charisma D. within the meaning of the Family Court Act (see Family Ct Act § 1012[g]; Matter of Trenasia J. [Frank J.], 25 NY3d 1001, 1004; Matter of Yolanda D., 88 NY2d 790, 796). A proper respondent in a Family Court Act article 10 proceeding is a person alleged to have abused or neglected a child, including "any parent or other person legally responsible for a child's care" (Family Ct Act § 1012[a]). A person legally responsible includes "the child's custodian, guardian, [or] any other person responsible for the child's care at the relevant time" (Family Ct Act § 1012[g]). In evaluating whether an individual is a person legally responsible for a child, the court should consider "(1) the frequency and nature of the contact,' (2) the nature and extent of the control exercised by the respondent over the child's environment,' (3) the duration of the respondent's contact with the child,' and (4) the respondent's relationship to the child's parent(s)'" (Matter of Trenasia J. [Frank J.], 25 NY3d at 1004, quoting Matter of Yolanda D., 88 NY2d at 796). Article 10 does not encompass those " who assume fleeting or temporary care of a child,'" but, rather, those who perform caretaking duties commonly associated with parents, such that they have acted as the functional equivalent of a parent (Matter of Trenasia J. [Frank J.], 25 NY3d at 1004, quoting Matter of Yolanda D., 88 NY2d at 796). This " discretionary, fact-intensive inquiry . . . will vary according to the particular circumstances of each case'" (Matter of Trenasia J. [Frank J.], 25 NY3d at 1004, quoting Matter of Yolanda D., 88 NY2d at 796).
Here, the evidence adduced at the fact-finding hearing established that Quran S. S. transported Wilhelmenia D. to and from the paternal grandmother's home for weekend and summer break visits, where he also stayed overnight, fed Wilhelmenia D., and performed other related tasks at the request of the grandmother, who was visually impaired. Both Wilhelmenia D. and Charisma D. reported that Quran S. S. came to visit at the family home and watched them when their parents were out of the home. The sexual abuse is alleged to have occurred during these visits to the grandmother's house and when Quran S. S. watched Wilhelmenia D. and Charisma D. at the family home. Accordingly, we agree with the Family Court's determination that Quran S. S. was a person legally responsible for the care of Wilhelmenia D. and Charisma D. (see Matter of Unity T. [Dennis T.], 166 AD3d 629, 631; Matter of Jonah B. [Riva V.], 165 AD3d 790, 792; Matter of Mackenzie P.G. [Tiffany P.], 148 AD3d 1015, 1017; Matter of Allyssa O. [Edward N.], 132 AD3d 768, 769; Matter of Isaiah L. [Chris B.], 119 AD3d 797, 798-799; Matter of Nathaniel TT., 265 AD2d 611, 613).
In a child protective proceeding, the petitioner has the burden of proving abuse by a preponderance of the evidence (see Family Ct Act § 1046[b][I]). To satisfy this burden, the petitioner may rely upon prior out-of-court statements of the subject children, provided that they are sufficiently corroborated (see Family Ct Act § 1046[a][vi]; Matter of Nicole V., 71 NY2d 112, 117-118; Matter of Michael B. [Samantha B.], 130 AD3d 619, 620; Matter of Mateo S. [Robin Marie Y.], 118 AD3d 891, 892). " Any other evidence tending to support the reliability of the previous statements . . . shall be sufficient corroboration'" (Matter of Zeeva M. [Abraham M.], 126 AD3d 799, 800, quoting, Family Ct Act § 1046[a][vi]). "[T]he out-of-court statements of siblings may properly be used to cross-corroborate one another" (Matter of Tristan R., 63 AD3d 1075, 1076 [internal quotation marks omitted]; see Matter of Arique D. [Elizabeth A.], 111 AD3d 625, 627; Matter of Iouke H. [Terrence H.], 94 AD3d 889, 891). However, in order for a sibling's out-of-court [*2]statements to provide sufficient corroboration of the out-of-court statements of another sibling, they must describe similar incidents of abuse (see Matter of Jeshaun R. [Ean R.], 85 AD3d 798, 799) or neglect (see Matter of Arique D. [Elizabeth A.], 111 AD3d at 627), and be independent from and consistent with the other sibling's out-of-court statement (see Matter of Michael B. [Samantha B.], 130 AD3d at 620). The Family Court has considerable discretion in deciding whether out-of-court statements made by children have been reliably corroborated and whether the record as a whole supports a finding of abuse or neglect (see Matter of Nicole V., 71 NY2d at 119; Matter of Alexander M. [Benjamin M.], 88 AD3d 794, 795; Matter of Joshua B., 28 AD3d 759). Moreover, where the Family Court is primarily confronted with issues of credibility, its factual findings must be accorded considerable deference on appeal (see Matter of Cheryale B. [Michelle B.], 121 AD3d 976, 977; Matter of Alexis S. [Edward S.], 115 AD3d 866; Matter of Jada K.E. [Richard D.E.], 96 AD3d 744).
Here, the Family Court providently exercised its discretion in determining that the out-of-court statements of Wilhelmenia D. and Charisma D. cross-corroborated each other, and that the record as a whole demonstrated by a preponderance of the evidence that Quran S. S. sexually abused Wilhelmenia D. and Charisma D.
Under the circumstances of this case, the Family Court's order of disposition was a provident exercise of its discretion (see Family Ct Act § 1052[a][v]; Matter of Zenaida O. [Alberto L.], 140 AD3d 882, 884; Matter of Caitlyn U., 48 AD3d 934).
DILLON, J.P., LASALLE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court