Matter of T. S. (K.A.--S.U.) (2021 NY Slip Op 07073)





Matter of T. S. (K.A.--S.U.)


2021 NY Slip Op 07073


Decided on December 16, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 16, 2021

Before: Kapnick, J.P., Friedman, González, Rodriguez, Pitt, JJ. 


Docket No. NA-00502/17 NA-00503/17 Appeal No. 14866-14867 Case No. 2020-00005 2020-00606 

[*1]In the Matter of T. S., and Another Children Under Eighteen Years of Age, etc., K. A., et al., Respondents-Appellants, S. U., Respondent, Administration for Children's Services, Petitioner-Respondent. 


Daniel R. Katz, New York, for K. A., appellant.
Larry S. Bachner, New York, for F. A., appellant.
Georgia M. Pestana, Corporation Counsel, New York (Nwamaka Ejebe of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Amy Hausknecht of counsel), attorney for the children.



Order, Family Court, New York County (Maria Arias, J.) entered on or about December 11, 2019, which, to the extent appealed from as limited by the briefs, after a hearing, found that respondents abused the child T. S. and derivatively abused the child S. U., unanimously modified, on the law, to vacate the finding of derivative abuse, and otherwise affirmed, without costs.
The finding that respondents abused their child T. S. is supported by a preponderance of evidence (see Family Court Act § 1046[b][1]; 1012[e]). The court providently exercised its discretion in determining that T.'s out-of-court videotaped interview describing sexual abuse by her paternal grandfather, starting as early as age eight, and respondents' inaction in response was properly corroborated by the examining psychiatrist's testimony that T.'s behavior was consistent with having been sexually abused (Matter of Nicole V., 71 NY2d 112, 118-119 [1987]; Matter of Christina F., 74 NY2d 532, 536 [1989]). The consistency of her statements about the sexual abuse by the grandfather enhanced the reliability of the statements (Matter of Emily S. [Jorge S.], 146 AD3d 599 [1st Dept 2017]). Respondents' own statements provide corroboration of T.'s account of their reaction to her eventual disclosure of the sexual abuse that had occurred when she was younger and her request that the grandfather not be allowed to continue to reside with them.
After T. disclosed the grandfather's earlier sexual abuse, respondents failed to protect her by removing the grandfather from the home, instead directing her not to tell anyone about the abuse because it would bring shame upon the family, failed to ascertain why T. was hospitalized on two separate occasions, and failed to obtain help for her, even when notified that she was cutting herself and was clearly decompensating after the grandfather moved back into the home (see Family Court Act § 1012[e][iii]; Matter of Sania S. [Marcia McG.-W.], 143 AD3d 545, 545 [1st Dept 2016], lv denied 28 NY3d 910 [2016]). The fact that the grandfather did not abuse T. again does not preclude the finding of abuse, since respondents endangered T. by creating a substantial risk of physical injury likely to cause protracted impairment of her physical or emotional health (Family Court Act § 1012[e][ii]; see Matter of Angelique H., 215 AD2d 318 [1st Dept 1995]).
However, the determination that respondents derivatively abused their then 17-year-old son is not supported by a preponderance of evidence (see Matter of Itzel A. [Jose V.], 188 AD3d 478 [1st Dept 2020]). There is no evidence that the grandfather's sexual abuse was ever directed at S. U., who only became aware of the abuse when T. told him about it several years after the fact. While respondents failed to protect T. from harm, there is no evidence that S. was ever at risk of being harmed by the grandfather or by them.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT[*2].
ENTERED: December 16, 2021