Matter of Maridas A. (Paula A.) (2022 NY Slip Op 02505)

Matter of Maridas A. (Paula A.)

2022 NY Slip Op 02505

Decided on April 19, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 19, 2022

Before: Gische, J.P., Webber, Scarpulla, Rodriguez, Higgitt, JJ. 

Docket No. NA-21474/17 Appeal No. 15736-15737 Case No. 2020-01882, 2020-01885 

[*1]In the Matter of Maridas A., a Child Under Eighteen Years of Age, etc., Paula A., et al., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent. 

Leslie S. Lowenstein, Woodmere, for Paula A., appellant.
Daniel R. Katz, New York, for Charlton J., appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Kate Fletcher of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Diane Pazar of counsel), attorney for the child.

Order of fact-finding and disposition (one paper), Family Court, New York County (Patria Frias-Colon, J.), entered on or about February 10, 2020, which, to the extent appealed from as limited by the briefs, after a hearing, determined that respondents Charlton J. and Paula A., abused and neglected the subject child, unanimously affirmed, without costs.
The evidence supports the finding that respondent Charlton J., the adult brother of the subject child, who was adopted by respondent mother, was a person legally responsible for the child within the meaning of the Family Court Act § 1012(g) (see Matter of Ja'Dore G., [Canilly G.], 169 AD3d 544, 545 [1st Dept 2019]). The record shows that Charlton lived in the same household as the child from the time the child was placed in the home when the child was young through the time the allegations of abuse came to light when the child was about 15 years old. The mother routinely left the child in Charlton's care when she left the house for work or to go to a casino. Charlton acted as the functional equivalent of a parent by feeding the child, allowing the child to watch television, and disciplining the child (see id.). Further, the court properly drew a negative inference from Charlton's failure to testify (see Matter of Dayquon G., 22 AD3d 431 [1st Dept 2005]).
A preponderance of the evidence also supports the abuse finding against the mother based on her failure to protect the subject child from sexual abuse by Charlton (see Family Court Act §§ 1012[e][iii]; 1046[b][i]). The evidence supports the finding that the mother became aware of the allegations that Charlton had been sexually abusing the subject child for years, asked him if they were true, and accepted his denials without taking any steps to protect the child. Where a parent knows about the ongoing abuse and fails to take steps to protect the child from further harm, the finding of abuse against that parent is appropriate (see Matter of Sania S., 143 AD3d 545, 545 [1st Dept 2016]; Matter of Michael B. (Samantha B.), 130 AD3d 619 [2d Dept 2015]; Matter of Jaquay O., 223 AD2d 422, 422-423 [1st Dept 1996]). Although the mother claimed that she did not know of the abuse before the child disclosed it to a school paraprofessional, the court found her testimony was not credible and we find no basis to depart from the credibility determinations, which are supported by the record and entitled to deference (Matter of Irene O., 38 NY2d 776, 778 [1975]; Matter of Michael B. [Samantha B.], 130 AD3d at 621).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 19, 2022