Matter of Sama A. (Safaa S.) (2024 NY Slip Op 00623)

Matter of Sama A. (Safaa S.)

2024 NY Slip Op 00623

Decided on February 7, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 7, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2022-10205 
2023-03184
 (Docket No. N-1100-21)

[*1]In the Matter of Sama A. (Anonymous). Administration for Children's Services, petitioner- respondent; Safaa S. (Anonymous), appellant, et al., respondent.

Brooklyn Defender Services, Brooklyn, NY (Amy Mulzer and Lauren Shapiro of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Susan Paulson and Diana Lawless of counsel), for petitioner-respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Marcia Egger of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from (1) an order of fact-finding of the Family Court, Kings County (Ilana Gruebel, J.), dated November 23, 2022, and (2) an order of disposition of the same court dated March 9, 2023. The order of fact-finding, insofar as appealed from, upon a decision of the same court dated November 23, 2022, made after a fact-finding hearing, found that the mother abused and neglected the subject child. The order of disposition, upon the order of fact-finding and after a dispositional hearing, inter alia, placed the subject child in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as the portion of the order of fact-finding appealed from was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the appeal from so much of the order of disposition as placed the child in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
The Administration for Children's Services (hereinafter ACS) commenced this proceeding pursuant to Family Court Act article 10, alleging, inter alia, that the mother abused the [*2]subject child by allowing the father to commit certain offenses against the child and neglected the child by inflicting excessive corporal punishment and by failing to provide the child with proper supervision and guardianship. After a fact-finding hearing, the Family Court found, among other things, that the mother abused and neglected the child. After a dispositional hearing, the court, among other things, placed the child in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing. The mother appeals.
The Family Court correctly found that the mother's actions constituted abuse. At a fact-finding hearing in a child protective proceeding pursuant to Family Court Act § 1046(b)(i), the petitioner has the burden of establishing, by a preponderance of the evidence, that the subject child has been abused or neglected (Matter of Ciniya P. [Omar S.W.], 217 AD3d 954, 955). An abused child is defined as a child "whose parent or other person legally responsible for his [or her] care . . . commits, or allows to be committed an offense against such child defined in article one hundred thirty of the penal law" (Family Ct Act § 1012[e][iii][A]). Here, ACS established by a preponderance of the evidence that the mother knew that the child was being abused and failed to take steps to protect the child from further harm (see Matter of Maridas A. [Paula A.], 204 AD3d 511, 512; Matter of Michael B. [Samantha B.], 130 AD3d 619, 621). Although the mother claimed that she did not know of the abuse before the child disclosed it to her in 2020, the court found that her testimony was not credible, and we find no basis to depart from the credibility determinations, which are entitled to great deference (see Matter of Zaniah T. [Deshaun T.], 216 AD3d 1173, 1174).
The Family Court also correctly found that the mother neglected the child by inflicting excessive corporal punishment and by failing to provide the child with proper supervision and guardianship. A neglected child includes one "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his [or her] parent or other person legally responsible for his [or her] care to exercise a minimum degree of care (A) in supplying the child with adequate food, clothing, shelter or education . . . though financially able to do so . . .; or (B) in providing the child with proper supervision and guidance, by unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof, including the infliction of excessive corporal punishment" (Family Ct Act § 1012[f][i]). While parents may have a limited right to use reasonable physical force against a child under certain narrow circumstances, "'the use of excessive corporal punishment constitutes neglect'" (Matter of Raveena B. [Khrisend R.], 209 AD3d 640, 641, quoting Matter of Kaylarose J.H. [Rena R.D.], 160 AD3d 953, 955). "A single incident of excessive corporal punishment may be sufficient to support a finding of neglect" (Matter of Kaylarose J.H. [Rena R.D.], 160 AD3d at 955; see Matter of Berllin B.O. [Shakira O.], 215 AD3d 581, 582). Here, the child's testimony was sufficient to support a finding that the mother, on February 6, 2021, hit and slapped the child's face and head, yanked the child's hair, and removed the child from the home (see Matter of Je'laya J. [Tracey S.], 192 AD3d 1032, 1033-1034; Matter of Sophia P., 66 AD3d 908, 909).
The mother's remaining contentions are without merit.
IANNACCI, J.P., CHAMBERS, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court