Matter of M.B. (F.M.) (2025 NY Slip Op 01318)

Matter of M.B. (F.M.)

2025 NY Slip Op 01318

Decided on March 11, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 11, 2025

Before: Moulton, J.P., Kennedy, Gesmer, Mendez, Rodriguez, JJ. 

Docket No. NA-00084-85/21|Appeal No. 3872|Case No. 2024-03004|

[*1]In the Matter of M.B. and Another, Children Under Eighteen Years of Age, etc., F.M. Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.

Larry S. Bachner, New York, for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Karin Wolfe of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Claire V. Merkine of counsel), attorney for the children.

Order of fact-finding and disposition (one paper), Family Court, Bronx County (David J. Kaplan, J.), entered on or about September 15, 2021, which, to the extent appealed from as limited by the briefs, determined, after a hearing, that respondent-appellant sexually abused the subject child M.B., and derivatively abused the subject child I.M., unanimously affirmed, without costs.
Family Court's finding that respondent sexually abused M.B. and derivatively abused I.M. was supported by a preponderance of the evidence (see Family Court Act §§ 1012[e][iii]; 1046[b][i]). The court providently exercised its discretion in determining that M.B.'s out-of-court statements were reliably corroborated by a video depicting her interview at a child advocacy center, which the court viewed during the fact-finding hearing, and that the record as a whole supported a finding of neglect. Based on the totality of the circumstances, the court appropriately inferred respondent's intent to gain sexual gratification from his conduct (see Matter of Maria S. [Angel A.], 185 AD3d 437 [1st Dept 2020]). Additionally, there is no basis to disturb the court's credibility determinations (see Matter of Brittney B. [Marcelo B.], 211 AD3d 426, 426 [1st Dept 2022]). The court was entitled to draw the strongest negative inference against respondent for his failure to testify (see Matter of Markeith G. [Deon W.], 152 AD3d 424, 424 [1st Dept 2017]).
Contrary to respondent's contention, the admissibility of a child's prior out-of-court statement regarding abuse or neglect was not limited to such statements that were attributable only to children who were the subject of the current proceeding (see Matter of Kaliia F. [Jason F.], 148 AD3d 805, 806 [2d Dept 2017]; Matter of Cory S. [Terry W.], 70 AD3d 1321, 1322 [4th Dept 2010]; Matter of Ian H., 42 AD3d 701, 702 [3d Dept 2007], lv denied 9 NY3d 814 [2007]).
Family Court properly entered a derivative abuse finding against respondent as to I.M. The fact-finding testimony established that I.M. was spending weekends in the home during the period respondent sexually abused M.B. (see Matter of Brittney B., 211 AD3d at 427). M.B.'s statements that I.M. was sleeping in the same room as she when respondent sexually abused her established that respondent's parental judgment and impulse control were so defective as to create a substantial risk of harm to any child in his care (see Matter of Krystal N. [Juan R.], 193 AD3d 602, 602 [1st Dept 2021], lv denied 37 NY3d 906 [2021]; Matter of Samantha F. [Edwin F.], 169 AD3d 549, 550 [1st Dept 2019], lv dismissed 33 NY3d 1042 [2019]). Furthermore, a finding of derivative abuse was appropriate even though I.M. was not aware of the abuse (see Matter of Karime R. [Robin P.], 147 AD3d 439, 441 [1st Dept 2017]).
We have considered respondent's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: [*2]March 11, 2025