Matter of A.I. (2025 NY Slip Op 06812)

Matter of A.I.

2025 NY Slip Op 06812

Decided on December 09, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 09, 2025

Before: Webber, J.P., Scarpulla, Rodriguez, Higgitt, Chan, JJ. 

Docket No. N-25168/23, N-25169/23, N-25170/23|Appeal No. 5319-5319A|Case No. 2024-04327|

[*1]In the Matter of A.I., and Others, Children Under the Age of Eighteen Years, etc., Natalia P., Respondent-Appellant,
Administration for Children's Services Petitioner-Respondent.

Andrew J. Baer, New York, for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Janet L. Zaleon of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Polixene Petrakopoulos of counsel), attorney for the children, A.I and S.I.
Law Office of Bryan Greenberg, LLC, New York (Bryan Greenberg of counsel), attorney for the child S.N.

Order of disposition, Family Court, Bronx County (David J. Kaplan, J.), entered on or about May 21, 2024, to the extent it brings up for review the underlying fact-finding order, same court and Justice, which, after a hearing, found that respondent- mother neglected the subject children, unanimously affirmed, without costs. Appeal from fact-finding order, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
The evidence supports Family Court's determination that the mother learned of her boyfriend's abuse of her children prior to ACS's involvement (see Matter of Maridas A. [Paula A.], 204 AD3d 511, 512 [1st Dept 2022]). Family Court providently credited S.I.'s out-of-court statements that the child and sibling told the mother before the child was contacted by ACS. Even though A.I. was unable to corroborate the timeframe of the disclosure to the mother, Family Court noted that the children, who both stated in their forensic interviews that they told their mother about the abuse, lacked a motive to fabricate the corroborating statements (see Matter of L.V.M. [Simon S.], 222 AD3d 560, 560 [1st Dept 2023]). Moreover, A.I.'s statements that when the child told the mother about the abuse, the mother stated that her boyfriend would apologize were not "too general to bear the mark of unreliability" (Matter of Peter G., 6 AD3d 201, 205 [1st Dept 2004], appeal dismissed 3 NY3d 655 [2004]).
A preponderance of the evidence supports Family Court's finding that the mother neglected the subject children by not promptly removing her boyfriend from the family home when she was informed by the children of the abuse (see Family Court Act §§ 1012[f][i], 1046[b][i]; Matter of T.S. [K.A.], 200 AD3d 569, 570 [1st Dept 2021], lv denied 38 NY3d 904 [2022]; Matter of Jaquay O., 223 AD2d 422 [1st Dept 1996], lv denied 88 NY2d 801 [1996]). The evidence supports the finding that the mother did not believe her children when they first told her of the abuse and, upon confronting the boyfriend about the abuse, accepted his denial and believed his story that the children were just jealous. Any contention that the mother's reaction of disbelief was semantically misunderstood from the Spanish interpretation is unpersuasive. This explanation does not overcome the unequivocal testimony that the mother did not believe that her boyfriend sexually abused her two children. Nor does the absence of recent incidents of abuse negate the imminent risk of physical, mental, or emotional impairment to the children, as the boyfriend had only recently begun residing with the family for the first time since his release from prison, and the record reflects that the children were distressed by his presence in the home (see Matter of T.S., 200 AD3d at 570).
We have considered the mother's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 9, 2025