Matter of E.D. (Dukens D.)
2026 NY Slip Op 03876
June 18, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of E.D. and Another, Children Under the Age of Eighteen Years etc., Dukens D., Respondent-Appellant, Administration for Children's Services of the City of New York, Petitioner-Respondent.

Decided and Entered: June 18, 2026
Docket No. NN-4633/24 NN-4634/24|Appeal No. 6707|Case No. 2025-04595|
Before: Manzanet-Daniels, J.P., Mendez, Shulman, Higgitt, Hagler, JJ.

Anne Reiniger, New York, for appellant.
Steven Banks, Corporation Counsel, New York (Elizabeth I. Freedman of counsel), for respondent.
Karen Freedman, Lawyers for Children, Inc., New York (Kelly Sessoms of counsel), attorney for the children.

[*1]
Order of disposition, Family Court, New York County (Janet L. McFarland, J.), entered on or about July 18, 2025, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about May 12, 2025, which found that respondent neglected the subject children, unanimously affirmed, without costs.
Family Court providently exercised its discretion in finding that the out-of-court statements about the May 31, 2024 incident made by the subject children's half-sibling were admissible under Family Ct Act § 1046(a)(vi), as they were corroborated by the nonrespondent mother's testimony confirming that the child saw her fighting with respondent and appeared "really sad" (see Matter of J.R.M.-C., 176 AD3d 623, 624 [1st Dept 2019]). The fact that the child is not the subject of the current neglect proceeding did not render the child's out-of-court statements inadmissible (see Matter of M.B. [F.M.], 236 AD3d 468, 469 [1st Dept 2025]).
Nor were the child's out-of-court statements inadmissible because respondent was not a person legally responsible for the child within the meaning of Family Ct Act § 1012(g) (see Matter of Kaliia [Jason F.], 148 AD3d 805, 806 [2d Dept 2017]). The mother testified that while she was in a romantic relationship with respondent between 2016 and 2022, he helped to take the child to and from school, did activities with the child, and sometimes looked after the child. Respondent testified that he continued to co-parent the subject children, the child's half-siblings, up until the incident. This undisputed testimony demonstrates "an inference of substantial familiarity" between the child and respondent at the time of the neglect, which supports Family Court's finding that respondent was a person legally responsible for the child (Matter of Karime R. [Robin P.], 147 AD3d 439, 440 [1st Dept 2017] [internal quotation marks omitted]; Matter of Keoni Daquan A. [Brandon W.-April A.], 91 AD3d 414, 415 [1st Dept 2012]).
A preponderance of the evidence supports the neglect finding against respondent (see Family Ct Act §§ 1012[f][i][B]; 1046[b]; Matter of Allyerra E. [Alando E.], 132 AD3d 472, 472 [1st Dept 2015], lv denied 26 NY3d 913 [2015]), including the child's out-of-court statements, the mother's testimony, and the caseworker's progress notes indicating that the mother had visible bruising the day after the incident (see Matter of Niyah E. [Edwin E.], 71 AD3d 532, 533 [1st Dept 2010]). The subject children, who were in a bedroom with their older half-sibling when the incident occurred, were in imminent danger of physical or emotional impairment "due to their proximity to the violence directed at the mother[,] even in the absence of evidence that they were aware of the incident or emotionally affected by it" (Matter of Esther N. [Onyebuchi N.], 206 AD3d 564, 565 [1st Dept 2022]).
[*2]
Although respondent contends that Family Court erred in concluding that the testimony of the mother and the ACS caseworker was more credible than his, there is no basis to disturb the court's evaluation of the evidence (see Matter of J.R.M.-C., 176 AD3d at 624), including its credibility determination that respondent was the aggressor (see Matter of Esther N., 206 AD3d at 565).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 18, 2026